Statement of the case.

ALLEN HINES v. SUSAN W. THORN ET AL.

(Case No. 4492.)

1. GRANT — CONSTRUCTION OF STATUTES.— The commissioner issued to a colonist in November, 1835, after the decree of the consultation had closed the land office, a title to a league of land as a colonist. Under an irrevocable power of attorney and deed, the right of the colonist to the land thus granted passed to a vendee. Such grants having been adjudged void, the administrators of the vendee petitioned for and obtained a legislative act "for the relief" of the colonist, which authorized the commissioner of the land office to issue a certificate for a like amount of land, but which provided that if the colonist "had ever sold, aliened or conveyed any part of the land," etc., "then the title hereby authorized to be issued shall issue to and vest the property so sold," etc., "in such vendee or vendees." The certificate was obtained and located, and the land appropriated by it was patented to the heirs of the vendee. In a suit by the original colonist and grantee, against the patentee, held,

(1) It was the primary object of the act of the legislature to recognize the validity of the original claim of the colonist to land, notwithstanding the issuance of title after the close of the land office.

(2) It was also intended to vest in the colonist, or his assigns, if he had sold, a title to land to which he was equitably entitled.

(3) Though the relief act did not in terms authorize the issuance of patent to the original vendee, such was the intention of the legislature.

(4) Though a defect may have originally existed in the title of the vendee, on account of the law prohibiting alienation, it was cured by a conveyance made by the colonist after the issuance of title to one through whom his original vendee also deraigned title.

(5) Title to the certificate, which was but the evidence of right to land, vested in the assignee of the colonist in like manner as title to the land would.

2. FACT CASE — EVIDENCE.— See opinion for facts tending to prove title, held admissible in evidence.

3. COPIES — EVIDENCE.— A certified copy from the general land office of a deed properly filed in that department, and which under the statute had the force and effect of an original in that office, is admissible in evidence, after evidence of the loss of the original.

4. AUTHENTICATION — CASE APPROVED.— Ballard v. Perry, 28 Tex., 347, reaffirmed.

5. STALE DEMAND.— See opinion and statement of case for facts justifying an application of the doctrine of stale demand to the claim of a party who asserted a right to land after the lapse of more than forty years after the inception of the claim of the adversary, and which was of record.

APPEAL from Young. Tried below before the Hon. B. F. Williams.

Suit brought by appellant Allen Hines against appellees Susan W. Thorn et al. Although denominated trespass to try title, it partakes of the nature of one to remove clouds from the title of Hines to certain lands in Young, Baylor and Throckmorton counties, patented to Frost Thorn, under whom defendants, Mrs. Thorn and others, claim.

A statement of the chain of title of the defendants will serve also to explain that of plaintiff Hines.

On November 28, 1835, a few days after the land office was closed by the decree of the consultation, Commissioner George W. Smyth issued to plaintiff Hines a title to a league of land formerly situated in Old Harrison, now Panola county; and which is the inception of the title to the lands in controversy under which both parties claim.

Defendants Thorn *et al.* contend that the title of plaintiff Hines to this survey of land, and to his claim for land against the government of Texas as a colonist, was divested out of Hines and into them as follows:

1. Agreement of date ———, 1835, between plaintiff Hines and Frost Thorn, by which Hines was to give Thorn one-half his claim for land, in consideration that Thorn, at his own expense, would locate the same and obtain the title.

2. Irrevocable power of attorney, in the form usual in those days for the conveyance of lands, from plaintiff Hines to Isaac Lee, to sell and convey to him his said claim for land, dated October 28, 1835, and recorded in 1838.

3. Deed by Isaac Lee, under this power of attorney from plaintiff Hines, to Frost Thorn, to an undivided one-half of the league of land, describing it by field notes, which had been titled by Commissioner Smyth to Hines on November 28, 1835. This instrument was executed before David Hoffman, alcalde for the jurisdiction of Nacogdoches and *ex officio* notary public, on March 17, 1836, and recorded in 1838.

It is claimed by defendants Thorn *et al.*, and the testimony tends to show the same, that this title from Commissioner Smyth had been procured by Frost Thorn under his locative contract with plaintiff Hines.

4. Deed from plaintiff Hines to Mary E. Brown for the recited consideration of $1,500, paid to him by her father, David Brown. This deed describes the land by field notes and as situated in Panola county, and recites that it is the league of land which was titled to plaintiff Hines by Commissioner Smyth on November 28, 1835. It was dated April 16, 1841, and recorded in 1842.

5. Deed from Mary E. Brown, under the name Mary E. Frazer, she having in the meantime married William B. Frazer, joined by her said husband, to Frost Thorn to this league of land, also describing it by field notes, and reciting that it was the league of land granted to plaintiff Hines by Commissioner Smyth, on November 28, 1835. This deed was dated April 9, 1853, and recorded in the year 1853.

6. It having been decided at the Tyler term, 1854, of this court, in the case of Donalson *v.* Dodd, 12 Tex., 381, that those titles. to lands, which would include that to plaintiff Hines, which had been issued after the decree of the consultation, which closed the land office on November 13, 1835, were null and void, James H. Starr and Haden H. Edwards, as administrators of the estate of Frost Thorn, who in the meanwhile had died, and Isaac Lee, as vendees of plaintiff Hines, petitioned the legislature for relief so that they could get the benefit of the land to which plaintiff Hines had been justly entitled as a colonist. In pursuance of this petition, and at the instance of these parties, the following special act of the legislature was passed, and upon the proper construction of which arises the material question in this case:

"AN ACT for the relief of Allen Hines.

" SECTION 1. Be it enacted by the legislature of the state of Texas, That the commissioner of the general land office be and he is hereby authorized and required to issue to Allen Hines a patent to the league of land, titled to said Hines on the 28th day of November, 1835, by Commissioner G. W. Smyth, or so much thereof as has not been adversely appropriated, and issue a certificate for the residue of the said league of land so appropriated, if any there should be, which may be located and patented on any of the vacant and unappropriated lands of the state.

" SEC. 2. That if the said Allen Hines shall have ever sold, aliened or conveyed any part of the land hereby authorized to be patented to him, then the title hereby authorized to be issued shall issue to and vest the property in the land so sold, aliened or conveyed in such vendee or vendees of said Hines, their heirs or assigns.

" SEC. 3. That this act take effect from and after its passage.

"Passed September 1, 1856."

Starr and Edwards, as such administrators, subsequently procured from the commissioner of the general land office the certificate authorized by this act, and as such administrators had the same located, at their expense, upon the three surveys in controversy; and upon evidence that Frost Thorn was the assignee of plaintiff Hines, the patents under which defendants claim were issued to the heirs of Frost Thorn.

7. Deed of partition of said land between the original defendants to this suit — Susan W. Thorn, as the representative of the interest of Frost Thorn, deceased, and Isaac Lee representing the remaining interest.

Plaintiff Hines instituted this suit March 24, 1879. He claimed that the certificate which issued under this special act of the legislature belonged to him; that he never assigned the same, but that it was obtained from the commissioner of the general land office, and located and patented without his authority and consent; and that he was the true owner of the lands.

The defendants answered by plea of not guilty, ownership in themselves, statute of limitations of ten years because of non-entry, and stale demand.

The trial below resulted in a verdict and judgment for the defendants, Susan W. Thorn *et al.*, from which this appeal was prosecuted.

*J. L. L. McCall* and *E. P. Nicholson*, for appellant.

I. There was no showing accounting for the absence of the original deed, or proof that it was ever seen, or ever had an existence, or was ever executed and delivered; and the copy set out shows the impress of a seal of the clerk before whom the acknowledgment purports to have been taken.

II. When the words of a statute are plain and unambiguous, there is no necessity for resorting to technical rules of construction, but the legislative will as expressed must be obeyed. 2 Pet., 662; 3 A. K. Marsh., 489; 1 Pick., 45, 250.

III. The intention of the legislature, it is true, must control in all cases, but that intention is to be collected from the words of the act. A sound construction must always be warranted by the words, and never repugnant to them. Blackwell on Tax Titles, p. 55.

IV. It is dangerous to attempt to be wiser than the law; and when its requirements are plain and positive, the courts are not called upon to give reasons why it was enacted. Blackwell, 259; Dillingham *v.* Snow, 5 Mass., 557.

V. To prove a deed, the original or a certified copy of the original deed must be introduced in evidence; or if proposed to prove the contents by parol testimony, a proper predicate must be laid by affidavit of loss, etc. Firebaugh *v.* Ward, 51 Tex., 413. The paper purporting to be a deed from Allen Hines to Mary E. Brown shows upon its face that it is a copy of a copy of a copy, and the absence of the original not accounted for, nor was it shown that an original deed ever existed.

(Counsel argued at length that the charge of the court was error.)

*F. B. Sexton*, for appellee.

BONNER, ASSOCIATE JUSTICE.— The appellant Hines has not set out in his brief the errors relied on to reverse this case. We have, however, considered such of them as were deemed necessary to a proper disposition of it, but not in the order assigned. The decisive question arises under the third assigned·error, which is as follows: "The court erred in the construction given in the charge to the special act of the legislature of the state of Texas, passed on the 1st day of September, 1856, in evidence in this cause, in this, in effect: in instructing the jury that if Allen Hines had sold the land titled by Smyth, then the vendees of said land were equitably entitled to the certificate; and the transfer to said land authorized the commissioner of the general land office to issue the patents to the land in controversy in this suit to the vendees of said Allen Hines of said land titled by said Smyth."

It was evidently the primary object of the legislature to recognize the validity of the original claim of Allen Hines for land, notwithstanding the invalidity of the title issued by Commissioner Smyth, and as far as consistent with the rights of third parties, to cure this defect by vesting into him or his assignees a perfect title to this land. The special act in this case was different from that in McKinney v. Brown, 51 Tex., 96, in this: that in the one under consideration the rights of assignees were protected, and in the other they were not.

The statute did not in terms give title to the assignees of Allen Hines to the certificate, if it became necessary to issue one, but in our opinion this was the intention of the legislature. It did in terms vest the title to the land itself, if not adversely appropriated, into the vendee or vendees of Hines, their heirs or assigns. Had not this land, then, been adversely appropriated, the whole title and interest of Hines would have been, under the evidence, vested into his assignees, and who are now represented by the defendants. That inchoate claims for land against the government was the subject matter of sale has been decided by this court. Johnson v. Newman, 43 Tex., 39, and authorities cited. A legal sale of the land, by which it had been appropriated, would pass title to the claim or certificate by which it was thus appropriated.

Whatever defect may have originally existed in the title of defendants, by reason of the illegality in the original conveyance from Hines at a time when by law he had not the power of alienation, was cured by the subsequent conveyance by him to Mary E. Brown, under whom the defendants also claim, made after this disability had been removed. Holmes v. Johns, Tyler Term, 1881.

Hines' claim for land then passed by his former deed. As the primary object of the legislature was to vest into him or his assignees, if any he had, the title to the particular land which had been originally located by this claim, and as this was defeated because the land had already been adversely appropriated, it would seem to be the evident conclusion that the title to the certificate, which was a mere secondary object, and intended as a substitute for the land, if that could not be had, would vest into his assignees in like manner as the title to the land would have done.

This was the construction placed upon the act by the commissioner of the general land office, who issued the patents upon the certificates to the heirs of Frost Thorn, deceased, and which we think was the proper one under all the facts and circumstances of the case.

The first assigned error presents the question that the following testimony on behalf of the defendants was improperly admitted because immaterial and pertained to another survey of land, to wit:

1. The testimonio issued by G. W. Smyth, 28th of November, 1835.

2. Power of attorney from Allen Hines to Isaac Lee, dated October 28, 1835.

3. Deed from Isaac Lee, attorney for Allen Hines, to Frost Thorn, dated March 17, 1836.

4. Copy of deed from Allen Hines to Mary E. Brown, dated April 16, 1841.

5. Copy of deed from Mary E. Frazer (formerly Brown) and her husband to Frost Thorn, dated April 9, 1853.

The testimony objected to tended to prove the title under which the defendants held the patent to the lands, and was therefore material and pertinent.

The fifth assigned error is that "the court erred in admitting in evidence the deed from Allen Hines, of 16th day of April 1841, to Mary E. Brown, because the original had not been accounted for, or its loss shown. There was no proof that it ever had an existence or was ever executed and delivered, and no affidavit of its loss, and in addition it is shown to be a copy of a copy." Were this alleged error well taken in fact, and it certainly was not in some material particulars, it might be a sufficient answer to say that the testimony, though relied on by the defendants, was first introduced by the plaintiff himself.

There was, however, testimony of the existence of the original deed, and full proof that it had been lost, that diligent search had

been made for it, and that it could not be found. The testimony objected to was a certified copy from the general land office. This under the statute had the force and effect of the original in that office. That original was a duly certified copy from the original record of the deed, and even if there were degrees in secondary evidence, this would be the highest character of such testimony.

The objection taken in the brief of counsel, that it did not appear that this copy showed that the original certificate of the officer taking the proof for record was under his official seal, is not well taken. It purported to be under seal, the clerk recorded it on the certificate as presented, and the presumption is that these officers did their duty, unless it clearly appears otherwise. This precise question has been decided by this court. Ballard v. Perry, 28 Tex., 347, and which was affirmed in a recent case.

Other assigned errors relate to the charge of the court. Although there may be some objections to portions of the charge, yet we think that, taken as a whole, the plaintiff's rights were not prejudiced thereby. Under it, evidently, the jury could not have found for the defendants on the plea of limitations. That the verdict may have been based upon the plea of stale demand, was, we think, fully justified by the evidence. However valid may have been originally the claim of plaintiff Hines to a league of land, he is not shown to have taken any steps whatever to secure it after the grant to him by Commissioner Smyth was found to have been void. This fact could have been ascertained as early as the year 1854, when the supreme court passed adversely upon this class of titles. He not only waited until the several boards of land commissioners and the court of claims had expired by their own limitations, but never at any time made any effort to perfect his claim. The adverse title of the defendants had its inception in the year 1835, and was peaceable and continuous. Although this title was upon the public records, plaintiff Hines failed and neglected to contest the same, and was never heard to complain until the institution of this suit, on March 4, 1879. It would seem conclusive that this delay could not be explained on any other reasonable hypothesis than the belief on his part that he had no just right or interest in the matter.

The alleged error that the charge of the court was upon the weight of evidence, and the others not already considered, are too general to demand, under the evidence, that they be considered.

The legal title to the lands was in the defendants, and the burden of proof devolved upon the plaintiff to defeat it by satisfactory

evidence of a superior equity.   This, in our opinion, he has not done. As the justice of the case seems to have been reached, and as there is no material error apparent of record in the judgment below, the same is affirmed.

                                                                AFFIRMED.

[Opinion delivered May 12, 1882.]