The state's motion to dismiss the appeal is overruled, and the judgment of the trial court is affirmed.

HAWKINS, J., absent.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

HAWKINS, Judge.

Appellant renews his contention that the evidence does not support the conviction. It was the state's claim, and so charged in the indictment, that appellant beat deceased with a stick causing a rupture of the lung which resulted in pneumonia which caused death. If we do not misunderstand appellant's position, it is that the evidence does not with sufficient certainty show that the injury to the lung resulted from the beating inflicted on deceased by appellant. The evidence of the medical experts is to the effect that ordinarily they would not expect to find a rupture of the lung such as was discovered by the autopsy without broken ribs, which injury was absent in the present case, but the testimony from some of the physicians was to the effect that such injury to the lungs might occur in the absence of a broken rib. We have re-examined all the testimony again, and find ourselves under the entire record unable to agree with appellant's contention. The evidence is set out rather fully in our original opinion. It seems useless to repeat it here.

Appellant urges that we reached a wrong conclusion in disposing of the bills particular-

ly discussed originally. They have been examined again in the light of appellant's motion, and we remain of opinion that they were properly disposed of.

Appellant seems to think his bill of exception No. 46 which was not specifically discussed in our original opinion, exhibits error. It relates to a remark made by a juror during the jury's deliberation regarding Dr. Boguskie, who was a state's witness, and which remark appellant construes as commendatory of the witness in a way which might have resulted injuriously to appellant, and was in the nature of new evidence. We have examined bill No. 46 in its entirety; it is too long to be set out here even in substance, because it incorporates the testimony of jurors on the point involved. The act of the trial court in not sustaining appellant's claim of misconduct of the jury on the point mentioned is not shown by said bill to have been erroneous.

We find nothing in appellant's motion leading us to believe the original affirmance was error. The motion, therefore, will be overruled.

**SECURITY REALTY & DEVELOPMENT CO. v. JENKINS et al.**
**No. 2715.**

Court of Civil Appeals of Texas. Beaumont. March 14, 1935.

W. R. Blain, of Beaumont, for plaintiff in error.

R. M. Briggs, of Kountze, for defendants in error.

WALKER, Chief Justice.

In the lower court, in an action of trespass to try title involving 60 acres of land in Hardin county, judgment was entered partitioning the land among the plaintiffs and defendants, except defendant Security Realty & Development Company. Neither the plaintiffs by their petition nor any of defendants by their answers claimed any specific portion of the land sued for, nor did any of the litigants pray for partition. The answer of Security Realty & Development Company was by general demurrer and plea of not guilty, and on the trial it did not make an appearance, except by answer theretofore filed. It has prosecuted this appeal by writ of error as against all the other litigants.

Before submission, defendants in error filed their motion to strike the statement of facts. The stenographer prepared a transcript of the evidence, as required by Article 2238, as amended by Acts 42nd Legislature, 1931, First Called Session, p. 75, c. 34, § 2 (Vernon's Ann. Civ. St. art. 2238). All the defendants indorsed their approval in writing on this transcript of the evidence, but plaintiffs refused to agree thereto. It was then presented to the trial judge, who approved the same. Thereupon notice was given to plaintiffs, as required by article 2238, as amended. Plaintiffs filed their objections, and every objection made by them was met by the trial judge, who certified to that fact and again approved the statement of facts. The point presented by the motion to strike is that defendants in error, after the judge had indorsed on the statement of facts his second and final approval, did not refile it with the clerk of the district court, but filed it with the transcript in this court. This proceeding was a mere irregularity of which plaintiff in error cannot complain. Garrison v. Ins. Co. (Tex. Civ. App.) 69 S.W.(2d) 218.

Appellees concede that the judgment of the lower court ordering partition was error; this concession has support in Keith v. Keith, 39 Tex. Civ. App. 363, 87 S. W. 384, Vanlandingham v. Terry (Tex. Civ. App.) 293 S. W. 252.

The plaintiffs below could recover only on the strength of their own title. The statement of facts shows an outstanding interest owned by a party who was not brought into this litigation. Plaintiffs below were given judgment against appellant for this outstanding interest.

For the two errors discussed, the judgment of the lower court is reversed, and the cause remanded for a new trial.