O'CONNOR v. RYAN et al.

No. 11100.

Court of Civil Appeals of Texas. San Antonio.

Feb. 4, 1942.

Rehearing Denied March 4, 1942.

E. L. Dunlap and C. C. Carsner, both of Victoria, for appellant.

J. W. Ragsdale and Gene Houchins, both of Victoria, for appellees.

NORVELL, Justice.

This is an appeal from a judgment denying a perpetual injunction sought by appellant, L. W. O'Connor, against appellees, J. E. Ryan and George L. Ryan, who are operating a funeral home or undertaking establishment in what is referred to as the J. D. Mitchell property, situated on South Bridge Street in the City of Victoria, Texas. Appellant, as the owner of adjacent property, sought to restrain the operation of the undertaking establishment, upon the theory that it constituted a nuisance.

Trial was to the court without a jury and the trial judge, upon proper request, made full and complete findings of fact and conclusions of law.

The appeal is predicated upon four points, and, as they concisely state appellant's position, they are here set forth:

"I. The Court having found that there had never been any trade or business on the Block in which appellant's home is situated and adjacent to which appellees have established and are operating the funeral home and the evidence showing that said Block had been exclusively used as a residence Block, without any interruption save by an apartment or rooming house, for a period of more than one hundred years, the Court erred in basing his judgment upon a finding as to the business character of the street upon which appellant's residence faced at other places and localities.

"II. The Court, having found that Appellant will be somewhat depressed in spirits by reason of the establishment and operation of appellee's funeral home in its present location, erred in failing to restrain by injunction the establishment and operation of Appellee's funeral home adjacent to Appellant's home.

"III. The Court having found that the value of Appellant's home, as a place of residence, will be depreciated by reason of the establishment and operation of Appellee's funeral home in its present location, that is in the same block and within 48 feet of Appellant's residence in a block in which there was never at any time any business established or operated, and especially a funeral home, the Court erred in failing to restrain the establishment and operation of the funeral home within 48 feet of the walls of Appellant's house.

"IV. The Court having found that each of the Appellant's family were normal persons and having found that Appellant, L. W. O'Connor, will be somewhat depressed in spirits by reason of the establishment and operation of the funeral home adjacent to his home, and there being no finding and no evidence that the other members of the O'Connor family were in any different situation, and it appearing that the same fact situation applies to the entire family, erred in failing to find that the establishment and operation of the funeral home, adjacent to Appellant's home, would encroach upon and disturb or impair the repose, the comfort, and the freedom of Appellant and his family in the use and enjoyment of the home."

Passing from the first to the remaining points above set out, it will be seen that the proposition asserted is that appellant is entitled to an injunction because (1) the operation of the funeral home, in its present location, tends to have a depressing effect upon the spirits of appellant and (by inference) the other members of his family, and disturb or impair the repose and comfort of the home, and because (2) such

operation tends to diminish the value of appellant's property as a place of residence.

■ The operation and maintenance of a funeral home is a lawful business and can not be classified as a nuisance per se. King° v. Guerra, Tex.Civ.App., 1 S.W.2d 373. Whether it be regarded as a nuisance in fact largely depends upon the nature and character of the neighborhood in which it is sought to be located. Here the trial court found as a fact that the funeral home involved was equipped throughout with all modern equipment and scientific means of properly preparing a corpse for burial and all funeral services held in said chapel are conducted in a quiet, refined and reverent manner. These findings are not directly challenged, and it therefore seems that no contention that the funeral home was a nuisance in fact can be predicated upon an assertion that the actual operations of the business involved were conducted in an unseemly or improper manner.

■ In King v. Guerra, supra, emphasis is placed upon the character of the neighborhood in which the undertaking establishment is located. The natural depression of spirit or the diminished value of property as a home because of the proximity of an undertaking establishment will not authorize the issuance of an injunction, regardless of the neighborhood in which it is located, for, as stated in Strieber v. Ward, Tex.Civ.App., 196 S.W. 720, 721, quoting from Gose v. Coryell, 59 Tex.Civ.App. 504, 126 S.W. 1164: "locality is to be considered in determining whether there is a nuisance, and if so, whether relief should be awarded by injunction or the injured party restricted to an action for damages, for what might constitute a nuisance in one locality might not be so in another. It has been held that a business which might be proper in a business or manufacturing neighborhood may be a nuisance when conducted in a residential district; and, on the other hand, a business which with its incidents might well be considered a nuisance in a residential section of a city or village may not be subject to such complaint where conducted in a business or manufacturing locality."

This case therefore turns upon the findings of the trial court as to the business character of the street upon which appellant's residence and the funeral home are located, which are challenged by appellant's first point.

■ After an examination of the evidence, we are of the opinion that the findings of the trial court in this particular have support in the evidence and are therefore binding upon this Court. 3 Tex.Jur. 1102, § 771. As these findings specifically describe the nature of the neighborhood involved, we here set out those deemed pertinent:

"Said property (of appellant) fronts east and is in the center of the block, a two-story building, known as the old Heaton home, for years residential property and now being conducted as an apartment and rooming house, being to the south of plaintiff's home, and a large three-story house, formerly residential property and known as the old Mitchell home, being to the north of plaintiff's home. Both of these other two houses also face east, each being corner property. * * *

"For approximately a year and a half prior to defendants leasing the old Mitchell home, it was vacant property and had been permitted by its owners to fall into a delapidated and run-down condition, so that the house was unsightly, badly in need of paint and. repairs, and the lawn had been permitted to become ugly through lack of care. This property * * * is adjacent to and opposite plaintiff's home and dwelling above mentioned. * * * "

The Mitchell property was "renovated and improved, the house being repaired, inside and out, and painted, sidewalks being repaired and lawn beautified, shrubbery planted and otherwise the premises were put in a first-class condition. Defendants then moved their funeral home into the new quarters and, at the time of the trial, had been operating there for a little over a month. * * *

"Bridge Street is one block west of Main Street, which is the principal street in Victoria, and Bridge Street is also one of the principal business streets in the town, particularly in the section north and south of the block upon which plaintiff resides and upon which this funeral home is now situated. Just across Bridge Street from this block is the Market Square and City Hall and City Jail, which occupies the entire block. This Square is also used for a public parking place and many cars, trucks and teams park particularly on the west side of said Market Square directly across the street from plaintiff's home. The blocks north and south of the block on which plaintiff resides have numerous

534

business houses fronting on Bridge Street and no residences on Bridge Street with the exception of a rooming house in the middle of the block north of plaintiff's home, which is surrounded on all sides by business houses. The block north of the Market Square block, which would be northeast of the undertaking parlor, has many business houses on it and no residences.

"The City of Victoria has, during the past few years, had a rapid and constant growth and is still growing and the business district is expanding in all directions, and I find from the evidence in this case that Bridge Street for several blocks, both north and south of the plaintiff's residence, is a business street, and that this undertaking parlor is located in a business part of town."

We are also of the opinion that the trial court's findings support its conclusion that the business conducted by appellees at its present location was not shown to be a nuisance and consequently appellant was not entitled to an injunction. Strieber v. Ward, supra; Hall v. Carter, Tex.Civ.App., 157 S.W. 461, 462, par. 3; 46 Corpus Juris 655, § 20.

The judgment of the trial court is affirmed.