## SMITH et al. v. PRATER.
### No. 11149.

Court of Civil Appeals of Texas.
San Antonio.
April 15, 1942.

Jack Pope, of Corpus Christi, for appellants.

Fischer, Lyle & Burney, of Corpus Christi, for appellee.

MURRAY, Justice.

This is an appeal from an interlocutory order dissolving a temporary restraining order and refusing a temporary injunction.

On or about June 21, 1940, A. L. Prater and Roy Smith and J. T. Smith entered into an executory contract whereby A. L. Prater agreed to sell and Roy Smith and J. T. Smith agreed to buy a forty-acre tract of land situated in Nueces County, and described and designated as Lot 7, and the west one-half of Lot 8 of Section 21, and the west one-half of Lot 26, out of Section 20, of the Flour Bluff Encinal Farm and Garden Tracts, for a consideration of $3,-000, of which the sum of $1,651.45 was to be by the Smiths assuming a vendor's lien note payable to the Land Bank Commissioner, and the balance, $1,348.55, was to be paid in cash. The Smiths deposited the sum of $250 as earnest money.

Prater repudiated the sale and refused to carry out the contract, giving for his reason that there was a boom on in Corpus Christi and he wanted to hold on to the property.

The trial was before the court without a jury. A temporary restraining order theretofore granted enjoining Prater and others from moving into and upon the forty-acre tract was dissolved, and an order entered refusing to grant a temporary injunction to the same effect. From that order the Smiths have prosecuted this appeal.

The trial judge made and filed the following findings of fact and conclusions of law, to-wit:

"Findings of Fact

"1. That the plaintiffs on or about the 21st day of June, 1940, and the defendant A. L. Prater, entered into a contract whereby the plaintiffs agreed to purchase and the defendant agreed to sell a certain tract of land known and described as

"Lot 7, and the West half of Lot 8, of Section 21, and the West half of Lot 26 of Section 20, being forty (40) acres in the Flour Bluff Encinal Farm & Garden Tracts, Nueces County, Texas.

"2. That the defendant, A. L. Prater, is a married man living with a wife and several children, and his wife was not a party to the negotiations for the sale of the property, and did not agree to such sale and does not now agree to such sale.

"3. That the property involved in the controversy is now and was at the time that the above agreement was consummated between plaintiffs and defendant, Prater, the homestead of the defendant A. L. Prater and wife, Lois Prater; that they purchased said home for a home, and lived

therein and have never abandoned the same, but have at all times and have now the intention to use it as their home.

"Conclusions of Law

"1. An executory contract for the sale of a homestead cannot be enforced by specific performance; that the remedy of the plaintiffs Smiths would be one for damages against the defendant A. L. Prater; that the plaintiffs have no rights in and to said land by virtue of their contract with Prater and, therefore, are not entitled to injunctive relief restraining the defendant Prater and his wife from the free use of their homestead."

These findings of fact are supported by the evidence and are binding upon this Court, and the trial court properly refused to issue the injunction, or to decree specific performance of the executory contract for the sale of the homestead.

Appellant contends that inasmuch as there was a first lien purchase-money note ahead of the homestead rights the husband would be authorized to make a contract for the sale of such homestead without the joinder of the wife that would be binding and enforceable. There are cases which hold that the husband is authorized to settle purchase-money notes by conveying the homestead in settlement of same, where the notes are prior in time to the homestead rights and where there is no fraud perpetrated upon the wife. Archenhold v. B. C. Evans Co., 11 Tex.Civ.App. 138, 32 S.W. 795; Cooper v. Hinman, Tex.Com.App., 235 S.W. 564. But such cases do not govern here.

In the instant case the Land Bank note was not in default, and it is not shown that Prater was making a settlement of such indebtedness. We have here a simple outright contract to sell the homestead in which the wife does not join. The wife is not even made a party to this suit for specific performance of an executory contract of sale of her homestead. This Court is of the opinion that a wife cannot have her homestead alienated from her without her joinder in the manner provided by law, simply because she did not protest when she was informed by her husband that he was contemplating making a sale of the homestead, coupled with the further fact that there was a vendor's lien on the homestead superior to her homestead rights.

The judgment is affirmed.