**HOLDEN et al. v. BOYNTON et al.**

**No. 11263.**

Court of Civil Appeals of Texas. Sn Antonio.

March 17, 1943.

Rehearing Denied April 14, 1943.

Samuel Peterson, of San Antonio, Frank X. Vance, of Hondo, and B. W. Teagarden, of San Antonio, for appellants.

Claud J. Carter, of San Antonio, for appellees.

NORVELL, Justice.

This case involves the ownership of some 103 acres of land out of Survey 119, Gaviel Ruiz original grantee, situated in Medina County, Texas. Appellants claim under J. H. English, deceased, while appellees claim under John Dobson, also deceased. It was admitted in pre-trial proceedings that the Dobson claimants were the owners of the tract involved, by virtue of a judgment rendered in favor. of the John Dobson estate and against J. H. English, on August 20, 1930, unless the English claimants had acquired title thereto since said date under the ten year stat-

324

ute of limitations, Article 5510, Vernon's Ann.Civ.Stats.

Trial was to the court without a jury and judgment rendered for appellees. Full and complete findings of fact and conclusions of law were filed.

We have concluded that appellants have shown no reversible error. Various findings of the trial court are attacked by appellants as being without sufficient supporting evidence. It is unnecessary to a proper disposition of the case here to separately discuss the various points relied upon by appellants.

■ It appears that the Dobson and English ranches adjoined. Prior to the date of judgment of August 20, 1930, the tract of land in controversy was enclosed within the English ranch fence. The court found that during a major portion of the time from August 20, 1930, to February 16, 1942 (the date of the filing of this suit), this fence was down and livestock could and did pass over the fences at will. This finding has support in the evidence, and is therefore binding upon us.

■ Appellants' assertion of adverse possession is for the most part based upon a claimed possession through tenants. On March 12, 1931, J. H. English and wife leased the "English Ranch" to W. E. Smith for grazing purposes. This lease was for a ten-year period, but was terminated after it had been in force for about three years, and on February 14, 1935, appellants executed a new lease to W. E. Smith.

Alexander Boynton one of the appellees had a surface lease covering the Dobson properties and on May 18, 1931, he subleased the Dobson Ranch to W. E. Smith for grazing purposes. This sublease and an extension thereof terminated on March 19, 1935. Smith paid in full all rentals which accrued under his sublease.

It therefore appears that for about four years during the period within which appellants claim to have matured a limitation title (from August 20, 1930, to February 16, 1942,) the tract in controversy was in possession of W. E. Smith and used by him for grazing purposes and there was no fence sufficient to turn cattle dividing the remainder of the Dobson ranch from the tract in controversy. The Dobson or Boynton lease to Smith purported to cover all lands owned by the Dobson estate situated in the Ruiz Survey in Medina County.

The trial court found that the John Dobson estate had no notice that anyone was claiming the land adversely to the record title until the present suit was filed.

We find nothing in the record which would indicate that appellees had actual knowledge or by reason of circumstances were chargeable with knowledge of an adverse claim during the period of Smith's occupancy of the land for grazing purposes. Certainly an owner of land who finds in possession a party to whom he has leased the premises could not be charged with notice of an adverse claim based upon his tenant's possession, absent a showing of the tenant's repudiation of the lease. Smith's possession under the circumstances disclosed by the record here was not unmistakably hostile or consistently adverse to the title of the true owner. Hardy v. Bumpstead, Tex.Com.App., 41 S.W.2d 226, 76 A.L.R. 1488; Satterwhite v. Rosser, 61 Tex. 166; Churchman v. Rumsey, Tex. Civ.App., 166 S.W.2d 960.

The judgment of the trial court is affirmed.

On Motion for Rehearing.

■ Upon rehearing appellants contend that as Smith went into possession of the tract of land in controversy under the English claimants, his subsequent attornment to the Dobson claimants was without effect.

This contention, of course, assumes that Smith went into possession of the lands in controversy under the English claimants. This assumption is unwarranted. As pointed out in the original opinion, the trial court found that the fence between the tract here involved and the balance of the property owned by the Dobson estate was during a major portion of the time since the judgment of 1930, in such shape that live stock could and did pass over the fences at will. It follows that Smith's use of the premises for grazing purposes did not amount to possession under the limitation statutes, for "if the land was used * * * merely for grazing purposes, it must be shown that the tract was enclosed." 2 Tex.Jur. 91.

This being the situation relating to Smith's so-called possession at the time he secured a lease from Boynton, his use of the premises thereafter must be considered as being in accordance with the record title and certainly not adverse thereto.

The situation detailed as to Smith's use of the disputed tract is similar to that disclosed by the record in regard to another tenant, Joe Amberson, who after the expiration of Smith's tenure also acquired leases from both the English and Dobson claimants. Amberson testified that he did not claim possession or the right to use the tract of land in dispute under the lease from the English claimants, as it was not described therein. Amberson's use of the premises, like Smith's was not adverse to the record title of the Dobson claimants.

Appellants' motion for rehearing is overruled.