**POSTAL MUT. INDEMNITY CO. v. GREENE et al.**

No. 5603.

Court of Civil Appeals of Texas. Amarillo.

April 10, 1944.

Rehearing Denied May 15, 1944.

Margaret A. Brand, of Dallas, and William C. Ross, of Beaumont, for appellant.

Gilbert T. Adams and J. R. Beck, both of Beaumont, for appellees.

PITTS, Chief Justice.

Upon considering appellant's motion for rehearing the court finds it was in error in applying the law in the case in the original opinion and withdraws the same and substitutes the following opinion therefor.

Appellees, Mary Lou Hebert Greene, joined by her husband, T. F. Greene, Jr., and other heirs of the estate of Joseph J. Hebert, Jr., deceased, filed suit against Postal Mutual Indemnity Company and the National Mutual Indemnity Company to recover $742.50, which sum constituted the total items of expenditures incurred by appellees as a result of an injury received by their employee, Stone Wingate, whose injury was covered by an insurance policy. The case was tried before the trial court without a jury. The trial court sustained a plea in abatement filed by the National Mutual Indemnity Company and dismissed it from the suit and rendered judgment for appellees for $742.50 against appellant, Postal Mutual Indemnity Company, which perfected its appeal to the Court of Civil Appeals of the Ninth Supreme Judicial District at Beaumont and the same was transferred to this court by the Supreme Court of Texas.

Appellees alleged, in effect, that they were engaged in the business of raising cattle and farming in Jefferson County, Texas, and vicinity under the name of J. J. Hebert Estate; that in connection with their business they employed various persons to work for them; that appellant was a mutual casualty insurance company or-

ganized and doing business under the Texas laws with an agency in Jefferson County; that for the protection of appellees and their employees they took an insurance policy from appellant on March 8, 1941, for a year and paid the premium on same; that said policy provided for the payment by appellant of necessary medical, hospital, ambulance and legal services following any injuries sustained as a result of an accident by appellees' employees not to exceed $10,000 for any one person; that appellees had previously employed Stone Wingate, who was working for appellees in the course of his employment on May 15, 1941, when he was seriously injured, which resulted in appellees having to pay the sum of $742.50 for hospitalization, doctor and medical care and attorney fees as a result of the said injury, for all of which appellant became liable because of the provisions of said policy, due notice having been given to appellant of the said injury and demand made for the payment of a claim of said amount without obtaining a settlement with appellant or any consideration by it.

Appellant answered with numerous exceptions and a general denial and by a special answer alleged that appellant had arranged with the National Mutual Casualty Company to write a substitute policy for appellees covering the same risk the policy held by appellees with appellant covered and that the National Mutual Casualty Company had written such policy on May 15, 1941, and that same had been delivered to appellees and substituted for the policy written for them by appellant; that appellees accepted the substitution and surrendered appellant's policy, which was cancelled at 12:01 A. M. o'clock on May 15, 1941; that at the time of the cancellation of the policy appellants had not received any notice nor had any knowledge of any claim for injury under said policy; that appellant's policy did not cover such a claim as that made by appellees and appellant pleaded an estoppel because of appellees' failure to comply with the terms of its policy.

■ At the request of appellant, the trial court filed findings of fact and conclusions of law which are, in effect, as follows: That appellees took an insurance policy with appellant on March 8, 1941, for one year to cover the operations of appellees' farms and ranches in Jefferson County, Texas, and their employees while

so engaged; that said policy provided for coverage in case of accidental injuries, hospitalization and medical attention for the employees of appellees; that said policy was specially written to cover claims for injuries of appellees' employees; that appellees had paid the premium on said policy which was delivered to them by the agent of appellant; that appellant did not cancel said policy nor give any notice to appellees of the cancellation of said policy until on or about May 21, 1941, when appellees first learned that appellant desired to cancel said policy and substitute a policy in another company for same; that on May 15, 1941, at about 2:30 P. M. o'clock Stone Wingate, an employee of appellees, became accidentally injured while in the course of his employment by appellees; that his injuries were serious, of long duration and required much hospitalization and medical attention, which were necessarily furnished to him at a reasonable cost of $592.50; that Stone Wingate was making claims against appellees and threatening to sue them for the bills incurred as a result of his injuries; that he was capable of earning $1.50 per hour and any claims he may make in a suit against appellees as a result of his injuries may be of a serious nature and result in large damages if he were successful; that appellant had notice of the injuries of Stone Wingate within four days from the date of his accidental injury and both written and oral claims and demands were made to appellant for the payment of such claim; that appellant had its attorney and investigator investigate the said claims within ten days from the date of the injury; that appellant with such knowledge of notice, demand and all of the facts refused to pay the said claim or to have anything to do with such but left the matter wholly in the hands of appellees to satisfy Stone Wingate; that appellees in the exercise of prudent, cautious, careful judgment such as a prudent, cautious, careful business man would have exercised, negotiated a settlement of the claim with Stone Wingate for the sum of $592.50; that in order to effect such settlement with Stone Wingate it was necessary for appellees to employ an attorney to represent them; that the said attorney, Honorable J. R. Beck, spent much of his time in effecting the settlement; that his services for such were reasonably worth $150; that such a reasonable charge for the services of said attorney was incurred by appellees necessarily for the protection of the

interest of appellant as well as of appellees; that the settlement made with Stone Wingate was a proper, legal and just one; that the said policy issued by appellant to appellees was in full force and effect at the said time; that appellant wilfully refused to pay the said claim after having full knowledge of all the facts and after appellees had complied with all the requirements of said policy but left the said claim and demands of Stone Wingate for appellees to settle; that the acts of appellees in the employment of the said attorney to effect the settlement were wise, careful, cautious and such as a prudent person would have done; that the said policy was written for the special purpose of covering such employees as Stone Wingate and for the purpose of covering the expenses incurred in such injuries as he received; that appellees had an agreement with their employees, including Stone Wingate, that in case of injury during the course of employment such an employee would be paid 60% of his average weekly wage, not to exceed $7 per week, and that appellant knew of such an agreement when the said policy was written for the special purpose of covering such an agreement; that appellant by its conduct waived the provisions of the policy requiring that settlement be made only with its written consent or by judgment obtained by claimant and that appellant was then estopped from claiming any such provisions of the policy and that any and all additional facts not specifically mentioned are found in support of the trial court's judgment.

Based on such findings the trial court concluded as a matter of law that appellees were entitled to judgment for the sum of $592.50, paid by them to Stone Wingate for hospitalization, doctor and medical fees as a result of his injuries and for $150 attorney fee paid by them to J. R. Beck to effect a settlement with Stone Wingate, making a total of $742.50, and interest thereon, as provided by law.

Appellant complains in three points to the effect that the trial court erred in finding that the policy in question was in full force and effect; that it erred in finding that the provisions of the policy had been waived by appellant, which waiver resulted in an estoppel, and that it erred in rendering judgment for appellees for $150 attorney fees without pleadings or evidence to support that part of the judgment.

A careful examination of appellees' pleadings reveal that they are sufficient to support their claims for recovery as prayed for.

The trial court found that the policy in question was in full force and effect at the time of the injury and that same was written for the special purpose of covering such a risk as Stone Wingate; that appellant had due notice, made an investigation and refused to negotiate a settlement of the claim, but left same with appellees to settle with their employee; that appellees acted as any reasonable, prudent person would have done in the employment of an attorney at a reasonable fee to negotiate and settle the claims which were reasonable and that appellant by its acts waived its right and was estopped from claiming lack of liability due to a failure of appellees to comply with certain provisions of the policy, and therefore found against appellant in every complaint it is making.

■ This case was tried before the trial court without a jury and lengthy findings were filed by the court. There is ample evidence in the record to support the controlling issues about which appellant complains and the findings of the trial court in such matters are therefore conclusive. Higginbotham Bros. & Co. v. Callaway, Tex.Civ.App., 170 S.W.2d 333; Holden v. Boynton, Tex.Cix.App., 170 S.W.2d 323; Smith v. Prater, Tex.Civ.App., 161 S.W.2d 361; Burks v. Brinkley, Tex.Civ.App., 161 S.W.2d 316; O'Connor v. Ryan, Tex.Civ. App., 159 S.W.2d 531; Sansing v. Bricka, Tex.Civ.App., 159 S.W.2d 142; Klein v. Palmer et al., Tex.Civ.App., 151 S.W.2d 652; Temple Trust Company et al. v. Haney, 133 Tex. 414, 126 S.W.2d 950, and numerous other authorities cited.

After carefully examining the assignments of error and the motion of appellant for a rehearing, appellant's motion is overruled and the judgment of the trial court is affirmed.