## HILL v. FOSTER et al.

### No. 5620.

Court of Civil Appeals of Texas. Amarillo.

May 22, 1944.

Rehearing Denied June 19, 1944.

300

J. R. Hill, of Houston, for appellant.

E. R. Campbell, of Houston, Joe Strode, Claude L. Madeley, and W. N. Foster, all of Conroe, for appellees.

PITTS, Chief Justice.

Appellant, Hamlin L. Hill, filed suit against appellees, W. N. Foster, Mrs. Zula Kayser Stewart, a feme sole, Mrs. Lillie Kayser Butler and husband, Earl H. Butler, in trespass to try title to recover 100 acres of land in the Orsan Shaw Survey, located partly in Montgomery County and partly in San Jacinto County.

Appellees answered generally and by a cross-action in trespass to try title.

Trial was had without a jury before the court and judgment was rendered against appellant and for appellees on their cross-action, from which judgment appellant perfected his appeal to the Court of Civil Appeals of the Ninth Supreme Judicial District at Beaumont and the same was transferred to this court by the Supreme Court of Texas.

At the request of appellant the trial court filed findings of fact and conclusions of law which, in effect, are as follows: By stipulation it was agreed that Mrs. Annie Baxley was the common source of title and that whatever title the parties had was deraigned from her; that Mrs. Annie Baxley owned as her separate property on September 6, 1902 the 100 acres of land involved in this case; that she, joined by her husband, M. A. Baxley, deeded it on said date to R. Kimbro and the deed was filed for record in Montgomery County on March 11, 1904 and recorded in Volume 32, page 350; that on May 31, 1924 R. Kimbro and wife deeded said land to A. L. Kayser and the deed was recorded in Montgomery County on July 25, 1925; that A. L. Kayser owned a one-half undivided interest therein and held the other one-half undivided interest for appellee, W. N. Foster; that A. L. Kayser died intestate on June 14, 1928, leaving as his sole heirs his widow, Mrs. Zula Kayser, and one daughter, Lillie Kayser Butler, both of whom, joined by Earl H. Butler, together with W. N. Foster, executed a deed of partition on February 15, 1932 setting apart the northeast one-half to Mrs. Zula Kayser and her daughter, Lillie Kayser Butler, and the southwest one-half to W. N. Foster, and the deed was recorded in Montgomery County; that on January 12, 1942 Mrs. Annie Baxley, joined by her husband, M. A. Baxley, executed a deed of ratification and conveyance approving and ratifying the deed they had previously executed to R. Kimbro on September 6, 1902, conveying to R. Kimbro, his heirs and assigns, the said 100 acres of land and the said deed was filed for record in Montgomery County on January 24, 1942; that Mrs. Zula Kayser married Claude B. Stewart on August 2, 1932 and that Claude B. Stewart died several years thereafter; that on August 31, 1933 Mrs. Annie Baxley and her husband, M. A. Baxley, executed and delivered to San Jacinto Lumber Company a deed conveying all of their right, title and interest in the Orsan Shaw Survey in Montgomery County and San Jacinto County for a consideration of $75; that the said instrument was delivered to Hamlin L. Hill, President of San Jacinto Lum-

ber Company, and the same was filed for record in Montgomery County on April 15, 1941 and recorded in Volume 219, page 266 of the deed records; that Hamlin L. Hill was practically the sole owner of San Jacinto Lumber Company; that prior to the execution and delivery of the last-mentioned deed and prior to the payment of the consideration of $75 to appellant, Mrs. Annie Baxley told appellant that she had formerly sold 100 acres of land in the Orsan Shaw Survey to R. Kimbro some thirty-odd years previously thereto; that appellant was fully informed of the sale and conveyance of the land in question by the Baxleys to Kimbro and that the Baxleys claimed no title or interest in the said 100 acres of land after conveying it to Kimbro when he bought whatever interest the Baxleys had in the said land for the San Jacinto Lumber Company; that on February 25, 1942 the San Jacinto Lumber Company, acting through Hamlin L. Hill, President, conveyed all of its right, title and interest in the said land to appellant; that an abstract copy of the deed executed by the Baxleys to Kimbro on September 6, 1902 was introduced in evidence; that J. M. Dean, a Justice of the Peace of Geneva County, Alabama, took the acknowledgments of the Baxleys to the deed in question; that Dean was a neighbor of the Baxleys and knew them well; that the acknowledgment of Mrs. Annie Baxley was taken separate and apart from her husband; that the instrument was explained to her by the officer, Dean, before she signed it; that she signed it willingly and did not wish to retract the execution of the instrument; that the officer, J. M. Dean, impressed his seal on the certificate of acknowledgments; that the acknowledgments met the requirements of the Texas laws; that a Justice of the Peace in Alabama had the lawful right and authority to take acknowledgments of deeds; that the purchase of the land in question by appellant, Hamlin L. Hill, for San Jacinto Lumber Company after appellant had been advised that the Baxleys had many years previously thereto conveyed the said 100 acres of land in question to their neighbor, R. Kimbro, and that they did not want to do anything to injure or affect his title was mala fides; that the land in question was worth $6 to $8 per acre and that the consideration of $75 paid by appellant to Mrs. Annie Baxley was grossly inadequate; that appellees had rendered the land in question for taxes year by year and paid all the taxes to date on the same but that neither the San Jacinto Lumber Company nor appellant had paid any taxes on the same.

The trial court concluded as a matter of law that appellees were entitled to judgment.

█ If the evidence supports the findings of the trial court, its findings are conclusive and both appellant and this court are bound by such findings. Higginbotham Bros. & Co. v. Callaway, Tex.Civ.App., 170 S.W.2d 333; Holden v. Boynton, Tex.Civ. App., 170 S.W.2d 323; Smith v. Prater, Tex.Civ.App., 161 S.W.2d 361; Burks v. Brinkley, Tex.Civ.App., 161 S.W.2d 316; O'Connor v. Ryan, Tex.Civ.App., 159 S.W. 2d 531; Sansing v. Bricka, Tex.Civ.App., 159 S.W.2d 142; Klein v. Palmer et al., Tex.Civ.App., 151 S.W.2d 652; and Temple Trust Co. et al. v. Haney, 133 Tex. 414, 126 S.W.2d 950. We believe the evidence hereinafter discussed supports the findings of the trial court in the controlling issues.

Appellant predicates his appeal upon eight points in which he claims superior title to the land in question for the following reasons: that the certificate of the officer who took the acknowledgment of Mrs. Annie Baxley, a married woman, to the Kimbro deed on September 6, 1902 does not show that the instrument was fully explained to her and does not show that she acknowledged and executed the deed for the purposes and consideration therein expressed; that there was no official seal impressed on the said certificate; that a deed of ratification executed by the Baxleys was held by the trial court to be superior to a deed previously executed by them to appellant; that the grantee in the original deed for which the ratification deed was executed to correct was dead when the deed of ratification was executed; that Annie Baxley's name as grantor was not in the body of the original Kimbro deed; that parol evidence was improperly admitted to supply some of the essential things missing in the officer's certificate and that some of the findings of the trial court were not supported by competent evidence.

The deed executed by Mrs. Annie Baxley and husband, M. A. Baxley, of date September 6, 1902 with R. Kimbro as grantee, was in the form of the usual warranty deed conveying the land in question, signed and acknowledged by them both. A copy

of the officer's certificate about which appellant complains is as follows:

"State of Alabama, Geneva County. I, J. M. Dean, Justice of the Peace in and for said County do hereby certify that on the 6 day of Sept. 1902 came before me the within named Annie Baxley who known or made known to me to be the wife of the within named M. A. Baxley being examined separate and apart from the husband touching her signature to the within deed acknowledged that she signed the same of her own free weill and accord and without feer, constraint, threats or persuasion on the part of her husband. In witness whereof I hereunto set my hand this 6th day of Sept. 1902.

(Seal)   J. M. Dean, J. P."

■ The deed executed by Annie Boykin Baxley and husband, M. A. Baxley, on August 31, 1933 with San Jacinto Lumber Company as grantee conveys "all of my right, title and interest in and to the Orsan Shaw Survey in Montgomery and San Jacinto Counties, Texas." Since said deed does not purport to convey the land itself but only the "right, title and interest" in the same, the deed is a quitclaim deed. Cook et al. v. Smith, 107 Tex. 119, 174 S.W. 1094, 3 A.L.R. 940; Houston Oil Co. of Texas et al. v. Niles et al., Tex. Com.App., 255 S.W. 604, and authorities cited in both cases.

Appellant makes the following statements in his reply brief:

"In our criticism of the acknowledgment of the Baxley-Kimbro deed *we did not* say or argue (1) that Annie Baxley was not known to the Justice of the Peace, Dean; (2) that she was not examined separately and apart from her husband touching her signature to the within deed; (3) that she did not acknowledge that she signed the same of her free will and accord; (4) and without fear, constraint, threat or persuasion on the part of her husband.

"*We did say that the certificate* does not show that the instrument was fully explained to Mrs. Baxley. It, in plain and unambiguous terms, and in the language of the officer himself, states just what he talked to Mrs. Baxley about, namely, '*touching her signature to the within deed*'. In other words he asked her if she signed the deed, if her name was signed to it and that the X on the deed was her mark. The officer thus declaring what he talked to Mrs. Baxley about thus identifying *the subject matter* of their conversation, namely, *her signature to the deed* \* \* \*. This conversation cannot be enlarged and broadened so as to show that he talked to her about any other matter in connection with said deed, much less, that he fully explained it to her. \* \* \*

"Our last criticism of the certificate is the fact that it fails to state that Mrs. Baxley acknowledged to the officer that she executed it for the purposes and consideration therein expressed. Under the authorities cited by us in our main brief, such declaration is necessary to give validity to a married woman's deed \* \* \*.

"So we see Mrs. Baxley's title did not pass by the Baxley-Kimbro deed, \* \* \* regardless of whether the deed to San Jacinto Lumber Company was a quitclaim deed or not.

"In the Fidelity Lumber Co. v. Bendy, Tex.Civ.App., 245 S.W. 981, the doctrine of innocent purchaser was raised which shows an equity that will be protected. In this case such doctrine is not an issue. Appellant is not asserting he is such a purchaser, and does not base his right upon notice or want of notice \* \* \*.

"In the acquisition of this land Hill had been charged with mala fides. Do the facts justify this? Hill discovered that Mrs. Baxley owned the land and he wanted to buy it for his company and so he hunted them up and found them in Florida. He offered them $75, a *valuable consideration,* for it and they accepted the offer; he paid the money and got the deed. \* \* \*

"On page 2 appellee says that the Baxleys told Hill that they had conveyed the land to Kimbro in 1902 by a deed and that they did not controvert or repudiate said deed and were not claiming any interest in the land after the execution of said conveyance. Did they convey the land by deed? That is the big question in this case and is for the court and not the Baxleys to determine. This did not pass her title.

"The fact that they had not repudiated the Kimbro deed nor claim any interest in the land, taken individually and collectively, did not pass her title to the land for such title can only pass as ordained by law and it is not any evidence of a conveyance by her."

■ The record reveals and it can be clearly seen from appellant's own language and admissions that he is relying on the

alleged weakness of appellees' title, while it has long been the rule that in a trespass to try title suit, plaintiff must recover, if at all, on the strength of his own title and not on the weakness of his adversary's title. Webster et ux. v. International & G. N. R. Co., Tex.Civ.App., 193 S.W. 179; Street Realty Co. v. Brown, Tex.Civ.App., 291 S.W. 580; Security Realty & Development Co. v. Jenkins, Tex.Civ.App., 80 S. W.2d 999.

The record and appellant's admission disclose that he was a total stranger to the parties and to the transaction between the Baxleys and R. Kimbro in 1902 and that he is a stranger to the chain of title under which appellees make their claims. He contends that the deed executed by the Baxleys to Kimbro is void because the certificate of the officer who took the acknowledgment of Mrs. Annie Baxley, a married woman, does not comply with the law.

■ No particular form of words is required to render a certificate of acknowledgment valid so long as it shows on its face that all essential prerequisites to a valid acknowledgment were in fact complied with. Williams et al. v. Cruse et al., Tex. Civ.App., 130 S.W.2d 908, writ refused; Spivy v. March, 105 Tex. 473, 151 S.W. 1037, 45 L.R.A.,N.S., 1109; Durst v. Daugherty, 81 Tex. 650, 17 S.W. 388; Belcher v. Weaver, 46 Tex. 293, 26 Am. Rep. 267; 1 Tex.Jur. 552, par. 151.

■ In the case of Belcher v. Weaver, 46 Tex. 293, the court held in construing the Act of 1846, page 156, the Act on which appellant is relying in the instant case for recovery, that any certificate showing that the law has been complied with is sufficient; that if the certificate shows a privy examination, an acknowledgment and a declaration of intention that complies with the law in substance it is sufficient and certainly so if it appears from the evident sense of the whole instrument that the law has been complied with. Such a rule is supported in the case of Johnson v. Taylor et al., 60 Tex. 360; Adams et al. v. Pardue, Tex.Civ.App., 36 S.W. 1015, writ refused; Lewis et al. v. Houston Oil Co. of Texas, Tex.Civ.App., 198 S.W. 607.

■ It appears to us that the certificate of the officer who took the acknowledgment of Mrs. Annie Baxley to the Kimbro deed shows that Mrs. Annie Baxley was examined separate and apart from her husband and that she freely acknowledged the same with a strong declaration all in accordance with the rules set out by the authorities cited above.

■ Assuming, however, that the officer's certificate does not comply with the requirements of article 6605, Revised Civil Statutes (Acts 1846, page 156), appellant, being a stranger to the transaction, cannot challenge or attack the deed of conveyance by Mrs. Annie Baxley and husband to Kimbro in 1902. The rule governing such a matter is thoroughly discussed by the Supreme Court in the case of Buvens v. Brown, 118 Tex. 551, 18 S.W. 2d 1057, 1062, a case in which no separate acknowledgment of the wife was taken to the deed executed. The court held in that case that the Act of 1846 was passed for the protection and benefit of a married woman and those claiming under her only and not for the benefit of trespassers or strangers to her title; that in order to protect a married woman it had been consistently held that a privy examination, acknowledgment and declaration before the officer, as required by law, were essential to the validity of a married woman's conveyance and that a defectively acknowledged deed to her separate lands did not convey her title to the vendee and was void but that such had been so held in order to give the statute effect and to protect the married woman; that its attention had not been called to any case in which it had been held that such a deed should be considered void when attacked by a stranger to the title held by a married woman and those holding under her. The court concluded the opinion with the following language: "Though a deed of a married woman which is not acknowledged as required by the statute be considered void as to her and her privies, we think the proposition that a stranger to such title cannot be heard to raise the issue of its invalidity is thoroughly reasonable and legally sound. Certainly it is equitable and just."

The rule laid down in that case has since been consistently followed. Watson et al. v. Whitton, Tex.Civ.App., 140 S.W.2d 961, by the Beaumont Court is the last case we note discussing the rule.

Mrs. Annie Baxley and husband, M. A. Baxley, stated in a ratification deed of date June 12, 1942 that they conveyed the land in question to Kimbro in 1902 in good faith and had never since claimed the land. They both testified before the trial court to

the same effect and testified that Mrs. Annie Baxley told appellant as much before they executed a quitclaim deed to him. In view of the above rule it does not become material, however, Mrs. Annie Baxley testified further that the officer, Dean, who took her acknowledgment to the Kimbro deed on September 6, 1902, read and explained the instrument to her before she signed it and he asked her if she acknowledged it for the purposes and consideration therein expressed, if the same was her act and if she did not wish to retract it, all of which she answered in the affirmative before signing the deed in the absence of her husband.

For the reasons stated above we overrule appellant's points complaining about the insufficiency of the certificate of the officer who took the acknowledgment of Mrs. Annie Baxley to the Kimbro deed.

█ Appellant's complaint that there was no seal impressed upon the certificates of the officer who took the acknowledgments of the Baxleys in 1902 is overruled. M. A. Baxley testified that he saw the seal impressed and, in the absence of the original deed, a copy of the same from an abstract was introduced by agreement and it shows the seal impressed. The trial court found that the seal was impressed by the officer and it appears that the evidence supports its finding, which is conclusive.

█ The record discloses that the deed executed by the Baxleys conveying the land in question to Kimbro was placed of record in Montgomery County. It is the rule that if a deed is recorded by the clerk and if the record does not disclose whether or not a seal was affixed, it is presumed as a matter of law that the seal was properly impressed on the deed. Bookhout et al. v. McGeorge, Tex.Civ.App., 65 S.W.2d 512; Ballard v. Perry's Adm'r, 28 Tex. 347; Alexander v. Houghton, Tex.Civ.App., 26 S.W. 1102; Hines v. Thorn, 57 Tex. 98; and Witt v. Harlan, 66 Tex. 660, 2 S.W. 41.

█ We next consider appellant's complaint that the name of Mrs. Annie Baxley as grantor was not in the body of the deed. The record reveals that the name "Annie Barclay" appears in the copy of the deed introduced from the abstract. The record does not disclose that such name was so used in the original deed. The copy of the deed shows the name "Annie Baxley" signed by her mark to the deed; that the certificate of the officer who took her acknowledgment uses the name "Annie Baxley"; and the record shows that the said officer was a neighbor to the Baxleys and knew them well. It therefore appears to be a typographical error where the name "Barclay" was used for the name "Baxley" in the body of the deed and that the name "Barclay" was intended to be "Baxley". The two names are similar when considered phonetically. Although the two names are spelled differently, they sound enough alike when pronounced to be idem sonans. The question of similarity in such matters is addressed to the ear and not to the eye. 45 C.J. 383; Bosse v. Cadwallader et al., 86 Tex. 336, 24 S.W. 798.

█ Although the trial court made no finding on this question raised, it is presumed that all of its findings supported its judgment if the same are supported by the evidence and we think its findings on this issue were supported by the evidence.

█ It appears that there was a mistake made in the use of the name "Barclay", either in writing the deed or in making the copy that was introduced but it is immaterial as a matter of law if there be a slight discrepancy between the name used in the body of the deed and the name signed to the same if it appears, as it does in the instant case, that the person who signed the deed is the same person whose name is set out in the body of the deed. 14 Tex.Jur. 798, par. 40; and Merriman et al. v. Blalack, 56 Tex.Civ.App. 594, 121 S.W. 552. We therefore overrule appellant's complaint that the name of Mrs. Annie Baxley did not appear in the body of the deed as grantor.

In view of our disposition made of the above points or assignments of error, the other complaints are not material and we do not consider it necessary to prolong this opinion in discussing them.

We have examined and considered all assignments of error and the record in the case and believe a proper judgment was rendered by the trial court. Therefore, such judgment is affirmed.