## SCHMIDT v. GREENWADE et al.
### No. 2075.

Court of Civil Appeals of Texas. Waco.

May 25, 1939.

Fred O. Jaye and Oscar Calloway, both of De Leon, for plaintiff in error.

Cureton, Cureton & Cureton, of Meridian, and Martin & Allred, of Hillsboro, for defendants in error.

GALLAGHER, Chief Justice.

The plaintiff in error, Mrs. H. F. Schmidt, brought this suit against defendants in error, M. P. Greenwade, his wife, Nannie Greenwade, and Turner Greenwade, their son, on a promissory note for $1715.66 executed by M. P. Greenwade to her. The parties will be designated as in the lower court. The plaintiff joined the wife and son as parties defendant for the purpose of setting aside two deeds, one to Nannie Greenwade for 596½ acres of land and one to Turner Greenwade for 2047 acres of land, on the ground that such conveyances were fraudulent, that is, were executed for the purpose of defrauding plaintiff as a creditor. The plaintiff also sued out a writ of attachment against all the defendants and had the same levied on the respective tracts of land described in said deeds, but such writ was quashed at the trial of the case because the bond was made payable only to M. P. Greenwade. Defendants M. P. and Nannie Greenwade pleaded a general denial, and alleged that the consideration for the deed to the wife, Nannie Greenwade, was the payment of a debt of $1000 for money loaned by her to her said husband shortly after their marriage and never repaid, and that the consideration for the deed made to the son, Turner Greenwade, was services he had rendered to his father for a series of years preceding and for which services he had never been paid. Turner Greenwade answered separately, denied plaintiff's allegations, and alleged specifically that the consideration for said deed to him was services which he had rendered to his father, M. P. Greenwade, and to secure the payment to him therefor; that at the time of such conveyance there was a prior mortgage on said land to the Federal Land Bank of Houston for the sum of $19,800, with accumulated interest, and that there were also delinquent taxes due thereon at that time; that shortly thereafter he reconveyed said land to his father, reserving a vendor's lien to secure a note for $5,200 executed by his father to him, the amount due him for services rendered as aforesaid as adjusted and agreed upon at the date of such reconveyance.

The case was tried by the court without a jury and judgment rendered for the plaintiff for the amount of the note sued upon, but cancellation of said deeds was denied.

Plaintiff presents a group of assignments in which she contends that the court erred in denying the cancellation of said deeds. She contends thereunder that the uncontradicted evidence shows that

said conveyances, and each of them, were made with the intention to hinder, delay and defraud creditors of M. P. Greenwade, including herself. The finding of the court in favor of the defendants denying cancellation of said deeds was general. Every issuable fact must therefore be considered found in defendants' favor if there is any evidence to support such finding. In passing upon the sufficiency of the evidence to sustain each finding, we must view the same in the light most favorable to defendants' contention, disregarding evidence, if any, to the contrary. The rule so announced applies to consideration of the testimony of defendants in their own behalf, and any vagueness or inconsistency therein or any conflict with the testimony of other witnesses merely raised questions of fact to be determined by the trial court. Hines v. Kansas City Life Ins. Co., Tex. Civ.App., 260 S.W. 688, 690, pars. 2 and 3, and authorities there cited; Williams & Chastain v. Laird, Tex.Civ.App., 32 S.W. 2d 502, 505, pars. 1 and 2, writ refused, and authorities there cited; Straka v. Farmers' Mutual Protective Ass'n of Texas, Tex.Civ.App., 79 S.W.2d 883, 885, par. 1, writ refused, and authorities there cited; Exporters & Traders Compress & Warehouse Co. v. Steele, Tex.Civ.App., 111 S. W.2d 867, 868, pars. 1 to 3, inclusive, and authorities there cited.

■■ It is settled law in this state that a creditor may receive payment of an honest debt in property of his debtor, though he may know at the time that the debtor's intent in making payment is to prefer him and to place the property beyond the reach of other creditors, provided that no more property is taken than is reasonably necessary to pay his debt. Every payment of a debt by an insolvent, whether the payment be made in money or property, tends, in a popular sense, to hinder, delay or defraud other creditors in the collection of their respective debts. The intent to hinder, delay or defraud creditors in the sense inhibited by the provisions of our statutes avoiding fraudulent conveyances [Vernon's Ann.Civ.St. arts. 3996, 3997] can not exist when the purpose and effect of the transfer of the property is to apply it at its fair valuation to the satisfaction of a just debt and it is so received by the creditor. Adams v. Williams, 112 Tex. 469, 248 S.W. 673, 676, par. 3, and authorities there cited. The rule so announced applies as well to preference of a creditor wife or child as to other classes of creditors. 20 Tex.Jur., p. 377, sec. 14; Id., p. 443, sec. 80; Karr v. Cockerham, Tex. Civ.App., 107 S.W.2d 719, 723, par. 7, and authorities there cited; Lester v. Robinson, Tex.Civ.App., 101 S.W.2d 1038, par. 1; Brod v. First Nat. Bank of Cameron, Tex. Civ.App., 91 S.W.2d 772, par. 5.

■ The conveyance from M. P. Greenwade to his wife, Nannie Greenwade, was made in satisfaction of a prior debt. The testimony of the parties concerning the transaction was consistent and uncontradicted. Mrs. Greenwade, shortly after her marriage to M. P. Greenwade, turned over to him money and property belonging to her separate estate amounting in the aggregate to more than $1000. He at that time promised to repay the same but had never done so until the execution of said deed. No interest on such debt was claimed nor considered. The property conveyed to her was 596½ acres, valued at about $10 per acre and subject to a mortgage to secure $5000. The property so conveyed was therefore not in excess of her debt.

■ The other conveyance assailed as fraudulent was made by M. P. Greenwade and wife Nannie Greenwade to their son, Turner Greenwade, on March 17, 1937. It conveyed 2047 acres of land and the consideration recited therein was the cancellation of an indebtedness in the sum of $9000 owed to the grantee and that the title conveyed was subject to a prior encumbrance securing an indebtedness of $19,800. On June 3, 1937, Turner Greenwade reconveyed the property to M. P. Greenwade, reserving a vendor's lien to secure a note from the grantee to him for $5200 and again reciting that such conveyance was subject to the prior lien for $19,800. The testimony showed that Turner Greenwade, with the exception of a few months, had worked for his father in managing or assisting to manage his business and properties since he graduated from A. & M. College in 1928; that there had been an agreement that he should be paid for his services but that the amount of compensation had never been definitely agreed upon. At the time of such conveyance to him such compensation was estimated at the rate of about $160 per month. The amount thereof was finally adjusted by agreement between them at $60 per month and amounted in the aggregate to the $5,200 evidenced by the note aforesaid. The only testimony with reference to the value of said land was that it was worth less

that $10 per acre. According to such testimony, the conveyance of said tract to Turner Greenwade subject to such prior lien thereon was not in fact sufficient to satisfy his claim for services theretofore rendered. Under the authorities hereinbefore cited and the findings which the trial court must be deemed to have made in response to the testimony recited, cancellation of said respective deeds was properly denied.

We have examined all of appellant's other assignments of error and reached the conclusion that none of them require or justify the reversal of the judgment of the trial court, and the same is therefore affirmed.