## MARTIN v. CAGE et al.

### No. 2178.

Court of Civil Appeals of Texas. Waco.

Dec. 21, 1939.

Howard & Reinhard and L. Sanford Schwing, all of Houston, for plaintiff in error.

Boone, Henderson, Boone & Davis, of Corpus Christi, for defendants in error.

TIREY, Justice.

On February 3, 1930, W. T. Cage and wife conveyed to Cage's brother, T. C. Cage, a tract of land in Nueces county, for a recited consideration of ten dollars cash and the assumption and agreement to pay a valid loan against the land in the sum of $12,000. About the same date W. T. Cage and M. E. Ruby, contractors operating under the name of Cage & Ruby, made a bill of sale of various road building equipment to T. C. Cage for a recited consideration of $8,600. Thereafter during the same year Wm. H. Martin filed suit and recovered judgment against Cage & Ruby for approximately $15,000 for personal injuries sustained by him during the year 1929. Martin caused execution to be issued and levied on the tract of land previously conveyed by W. T. Cage and wife to T. C. Cage, it being Martin's contention that the land had been conveyed to T. C. Cage in defraud of creditors. T. C. Cage brought this suit against Wm. H. Martin to remove cloud from title and to enjoin sale of property under said execution. A trial before the court without a jury resulted in judgment in favor of T. C. Cage. The defendant Martin sued out this writ of error.

■ ■ There is no statement of facts in the record. The trial court filed findings of fact in which it was found that at the time W. T. Cage and wife conveyed the land in question to T. C. Cage, the firm of Cage & Ruby was indebted to T. C. Cage in the sum of approximately $30,000, which was far in excess of the value of the property covered by the bill of sale and the value of the equity of W. T. Cage in the real estate involved herein. The court further found the deed from W. T. Cage and wife and the bill of sale from Cage & Ruby to T. C. Cage were executed and delivered in good faith for the purpose of partially reimbursing T. C. Cage for the indebtedness owed him by Cage & Ruby and without any intention or purpose of hindering, delaying or defrauding creditors, and said deed and bill of sale were not given because of any fear or apprehension that Wm. H. Martin might file suit or recover judgment against Cage & Ruby. Under these findings, we think the trial court properly entered judgment for the plaintiff T. C. Cage. The rule in this respect is announced by the Commission of Appeals in Adams v. Williams, 112 Tex. 469, 248 S.W. 673, 676, wherein the court said:

"It is settled law in this state that a creditor may receive payment of an honest debt in property of his debtor, though he may know at the time that the debtor's intent in making the payment is to prefer him and to place the property beyond the reach of other creditors, provided that no more property is taken than is reasonably necessary to pay his debt. Every payment of a debt by an insolvent, whether the payment be made in money or property, tends in a popular sense to hinder, delay or defraud other creditors in the collection of their respective debts. In the absence of a law declaring preferences invalid, every debtor has the legal right to pay one or more of his just debts with any money or property he has. The intent to hinder, delay, or defraud creditors in the sense inhibited by above statutes cannot exist when the purpose and effect of the transfer of property is to apply it at its fair value to the satisfaction of a just debt and it is so received by the debtor. * * *"

See also Schmidt v. Greenwade, Tex.Civ. App., 129 S.W.2d 324; Frees v. Baker, 81 Tex. 216, 16 S.W. 900, 13 L.R.A. 340.

■ The plaintiff in error in his objections to the findings of fact and conclusions of law filed by the trial court also asked for additional or amended findings. Under Article 2247a, Vernon's Ann.Civ.St., plaintiff in error's request for additional or amended findings came too late and the trial court properly overruled such request. See Hillert v. Melton, Tex.Civ.App., 64 S. W.2d 991. However, we have carefully considered them in connection with the court's findings and are unable to sustain any of them in the absence of the statement of facts. In the case of Stevenson v. Fisk, Tex.Civ.App., 65 S.W.2d 507, 510, the court said: "The court is not required to find the evidence, but only his conclusions from the evidence, and we cannot presume, in the absence of a statement of facts, that, when the court refused to find on certain issues, there was evidence in the record upon such issues."

There is no error pointed out by plaintiff in error and the judgment of the trial court will accordingly be affirmed.