**B. G. HOOD, Appellant,**

v.

**The FIRST NATIONAL BANK OF PANHANDLE, Appellee.**

**No. 7652.**

Court of Civil Appeals of Texas.

Amarillo.

Dec. 19, 1966.

Rehearing Denied Jan. 16, 1967.

Clayton, Kolander, Moser & Templeton, Amarillo, Cleo G. Clayton, Jr., Amarillo, of counsel, for appellant.

Marshall Sherwood, Panhandle, Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, Max R. Sherman, Amarillo, of counsel, for appellee.

DENTON, Chief Justice.

This is a suit for the balance due on a promissory note, interest and attorneys' fees brought by appellee, First National Bank of Panhandle against appellant B. G. Hood and A. J. Atkins. The trial was before the court without a jury. The court entered judgment for the bank against both defendants jointly and severally for the uncontradicted balance due, interest and stipulated attorneys' fees. Only Hood has appealed.

Atkins and Hood entered into an agreement for Atkins to purchase a service station from Hood, but in order to complete the purchase it was necessary for Atkins to secure a loan. Upon application, the appellee bank informed Atkins it could not make the loan to him. Later Atkins advised the bank Hood had agreed to endorse the note. The bank then agreed to make the loan and on October 11, 1963 a $6,180.00 note was executed by Atkins as maker and Hood as endorser. $6,172.01 of the loan was paid to Hood and his father-in-law as the purchase price. Simultaneously with the execution of the note Atkins and his wife executed a deed of trust on two Panhandle town lots to secure payment of the note. After the note became delinquent, written demand was made upon both Atkins and Hood. There is no dispute concerning the amount of unpaid principal, interest or reasonable attorneys' fees in the event judgment is obtained. It is also undisputed that both the bank officer who handled the transaction and Hood believed the deed of trust covered a duplex located on two lots owned by Atkins, when in fact the deed of trust covered Atkins' homestead and not the duplex. The lots upon which the duplex was located were adjacent to the lots upon which Atkins resided. This mistake was discovered after the note became delinquent.

Appellant seeks to be discharged from liability on the grounds his endorsement was conditional upon the note being secured by a deed of trust on the duplex property; and that such condition was not met as a result of a mutual mistake in the property description. He further contends the bank represented to Hood that a deed of trust on the duplex had been obtained prior to Hood's endorsement. There are no allegations of fraud or negligence on the part of the bank.

Upon appellant's request the trial court filed findings of fact and conclusions of law. The material findings in effect are: The note was endorsed by Hood without condition or qualification at the request of Atkins; Hood acknowledged to the bank he agreed to endorse the note because he wanted to sell the service station to Atkins; that the bank officer authorized the loan upon Hood's endorsement and not upon any security; and the court concluded none of appellant's defenses were supported by a preponderance of the evidence. Although appellant leveled objections to the court's findings and conclusions, he requested no additional findings. We are

bound by the trial court's findings of facts and conclusions supported by the evidence. Bavousett v. Bradshaw (Tex.Civ.App.) 332 S.W.2d 155 (Ref.N.R.E.). Rule 396, Texas Rules of Civil Procedure. It is settled a trial court's findings of fact will be upheld on appeal unless manifestly erroneous. Keeton v. Gillam Soap Works (Tex. Civ.App.) 215 S.W.2d 675 (Ref.N.R.E.). We think there was sufficient evidence of probative force to support the trial court's findings of fact and conclusions of law.

 In support of its position appellant cites and relies on Rattan v. Dicker (Tex. Civ.App.) 373 S.W.2d 306 and Reynolds Mortgage Co. v. Garrett (Tex.Civ.App.) 23 S.W.2d 835 (Dismissed) along with others. These cases are authority for the exception to the general rule that parole testimony is not admissible to show a variance in a written contract. These cases support the exception that in case of mutual mistake, parole evidence is admissible for the purposes of granting equitable relief by way of reformation. These cases and others relied on are not applicable here. In the case at bar reformation is not raised by the pleadings. Appellant does not seek reformation of the deed of trust but simply contends the mistake in the description relieves him of liability on the unambiguous promissory note he unconditionally endorsed. Both the *Rattan* and *Reynolds Mortgage* cases also hold the remedy of reformation must be properly raised by pleadings and if not done the remedy is not available. That question is not before us.

The note in question contains no language which would render Hood's endorsement conditional. Appellant's allegations and testimony to the effect he endorsed the note only upon the condition the note was to be secured by a deed of trust on the duplex property is an attempt on his part to vary the terms of an unambiguous written note. This unconditional endorsement cannot be contradicted or altered by parole evidence under the facts and circumstances of this case. Kane v. Union State

Bank (Tex.Civ.App.) 384 S.W.2d 358 (Ref. N.R.E.). Henslee v. First National Bank of Whitewright (Tex.Civ.App.) 314 S.W.2d 881. Under this well settled rule the mistake in the description in the deed of trust or the contention the endorsement was executed only on the condition proper security was obtained do not present a valid defense on the part of appellant.

The judgment of the trial court is affirmed.