**AIRCRAFTSMEN, INC., Appellant,**

v.

**Jay KIRKMAN, the Estate of Anne Slade Kirkman, Deceased and the Estate of J. U. Kirkman, Deceased, Appellees.**

**No. 7786.**

Court of Civil Appeals of Texas.

Amarillo.

Feb. 19, 1968.

Stokes, Carnahan & Fields, Amarillo, O. P. Fields, Jr., Amarillo, of counsel, for appellant.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, R. A. Wilson, Amarillo, of counsel, for appellees.

NORTHCUTT, Justice.

This suit was brought by Aircraftsmen, Inc. against Jay Kirkman et al. to set aside as fraudulent two deeds conveying property which may for convenience be designated as the 4th Street property and the Bonham Street property. Since Aircraftsmen, Inc. has abandoned its claim against the Bonham Street property as being homestead property, we will hereafter consider only the 4th Street property. The case was tried before the court without a jury. The court found all issues in favor of the defendants and judgment was rendered in favor of the defendants. From that judgment Aircraftsmen, Inc. perfected this appeal.

Hereafter Aircraftsmen, Inc. will be referred to as appellant and Jay Kirkman et al. as appellees. Jay Kirkman, as Independent Executor under the will of his father, J. U. Kirkman, deeded the 4th Street property to the Estate of Anne Slade Kirkman in satisfaction of certain indebtedness owed by the Estate of J. U. Kirkman to the Estate of Anne Slade Kirkman.

Appellant held a judgment against Jay Kirkman and contended Jay Kirkman would have become owner of the property in a short time but for the transfer to the Estate of Anne Slade Kirkman and that

such transfer was fraudulently executed and delivered to defeat the appellant's judgment.

We are of the opinion that the record in this case in all respects justifies the findings of fact made by the trial court. For complete understanding of the facts and conclusions of law as found by the trial court, such findings of fact and conclusions of law are set out here in full as follows:

### "FINDINGS OF FACT

1. On the 31st day of December, 1965, the defendant, Jay U. Kirkman, executed a deed, dated December 31, 1965, which he thereafter filed for record on the 14th day of January, 1966. This deed is recorded in the Deed Records of Potter County, Texas, in Volume 1026, at Page 190. It

(a) names as grantor the Estate of J. U. Kirkman, Deceased,

(b) names as grantee Estate of Anne Slade Kirkman, Deceased,

(c) is executed in the name of Estate of J. U. Kirkman, Deceased, by Jay U. Kirkman, Independent Executor,

(d) conveys an undivided one-half interest in and to certain property in Potter County, Texas, described as the East Eighty Feet (E.80′) of the South Fifteen Feet (S.15′) of Lot Number Four (4) and the East Eighty Feet (E.80′) of Lot Number Five (5), all in Block Number Thirty-one (31) of the Glidden and Sanborn Addition to the Town of Amarillo, Texas, this being the property ordinarily referred to in the evidence and in these findings as the 4th Street property, and

(e) recites a consideration in this language: 'One Dollar and other good and valuable consideration, in hand paid, the receipt of which is hereby acknowledged, and further the full payment, discharge and extinguishment of certain claims, demands and indebtedness heretofore due and payable to the ESTATE OF ANNE SLADE KIRKMAN, DECEASED, hereinafter called Grantee, by the ESTATE OF J. U. KIRKMAN, DECEASED, and the Grantee expressly acknowledges payment in full of all said claims, demands and indebtedness up to and including the date of this Deed.'

2. On the same 31st day of December, 1965, the defendant, Jay U. Kirkman, executed a deed, likewise dated the 31st day of December, 1965, which he filed for record on the 14th day of January, 1966, and is recorded in the Deed Records of Potter County, Texas, in Volume 1026, Page 191. This deed

(a) names as grantor Estate of Anne Slade Kirkman, Deceased,

(b) names as grantee Estate of J. U. Kirkman, Deceased,

(c) is executed by the defendant, Jay U. Kirkman, as Independent Executor and Trustee of the Estate of Anne Slade Kirkman, Deceased,

(d) conveyed an undivided one-half interest in and to certain property in Potter County, Texas, described as being all of Lot Number One (1) and the North Fifty Feet (N.50′) of Lot Number Two (2) in Block Number Fifty-four (54) of Bivins No. 2 Addition to the Town of Amarillo, Texas, this being the property ordinarily referred to in the evidence and in these findings as the Bonham Street property, and

(e) recites a consideration in this language: 'One Dollar and other good and valuable consideration, in hand paid, the receipt of which is hereby acknowledged, and further, the assumption and agreement to pay and discharge the unpaid balance, including interest and all other charges accrued or to accrue on that certain Note payable to SECURITY FEDERAL SAVINGS AND LOAN ASSOCIATION, Amarillo, Texas; dated Au-

gust 8, 1949, in the original principal sum of Ten Thousand Dollars ($10,-000.00) and secured by DEED of TRUST of record in Volume 207, page 429, of the Deed of Trust Records of Potter County, Texas, by the ESTATE OF J. U. KIRKMAN, DECEASED, Hereinafter called Grantee.'

3. The plaintiff, Aircraftsmen, Inc., is a judgment creditor of the defendant, Jay U. Kirkman. By judgment of this court entered January 26, 1965, plaintiff recovered from said individual defendant $2,162.07, with interest and costs, and an abstract of this judgment was filed for record on January 29, 1965, and on February 2, 1965, was duly recorded in the judgment records of Potter County, Texas, and properly indexed. This judgment is now final. Plaintiff is not shown, and it does not claim, to have been a creditor of either J. U. Kirkman or Anne Slade Kirkman, both now deceased, or of the Estate of either of these decedents. It is disclosed by the evidence that a number of other judgments have been abstracted against the individual defendant, Jay U. Kirkman, but it is neither shown nor claimed that any judgment creditor abstracting a judgment against the individual defendant, Jay U. Kirkman, was a creditor of J. U. Kirkman or Anne Slade Kirkman, both now deceased, or of the Estate of either of these decedents. Plaintiff brings this suit

(a)   to set aside the deed to the 4th Street property as being a fraudulent conveyance and void otherwise, and

(b) to assert its judgment lien against both the 4th Street property and the Bonham Street property.

4. J. U. Kirkman is the deceased father of the defendant, Jay U. Kirkman. He died on the 11th day of January, 1955, leaving a will dated February 3, 1954, which was thereafter duly admitted to probate by the County Court of Potter County, Texas. This will described the 4th Street property as owned one-half by J. U. Kirkman and one-half by his sister, Georgia Kirkman. It left decedent's one-half interest in the 4th Street property, as well as his estate otherwise, to his wife, Anne Slade Kirkman, for life, with no power to sell or make disposition of decedent's one-half interest in the 4th Street property but with power to sell or make disposition of decedent's estate otherwise, with remainder to American National Bank, Amarillo, Texas, as Trustee for the defendant, Jay U. Kirkman. This trust was to exist for a period of ten years from the death of Anne Slade Kirkman, after which the trust properties would vest in the defendant, Jay U. Kirkman, and it embraced spendthrift provisions, pursuant to which the trust properties should not be subject to debts of the defendant, Jay U. Kirkman. The J. U. Kirkman will named Anne Slade Kirkman as Executrix with the provision that in event of her death the defendant, Jay U. Kirkman, should act as Executor, it directed that no bond should be required, and it provided for an independent administration, that is to say, an administration free from the control of the Probate Court. Ann Slade Kirkman qualified as Executrix of the Estate of J. U. Kirkman, Deceased; but thereafter she died on January 17, 1956, after which the defendant, Jay U. Kirkman, qualified as Eexecutor of the Estate of his deceased father, J. U. Kirkman, and letters testamentary issued to him March 23, 1956.

5. Anne Slade Kirkman is the deceased mother of the defendant, Jay U. Kirkman. She died January 17, 1956, leaving a will dated October 11, 1955, which will was likewise duly admitted to probate by the County Court of Potter County, Texas. This will left all of the Estate of Anne Slade Kirkman, to the defendant, Jay U. Kirkman, but as Trustee only. The beneficiaries of the trust were identified as the grandchildren of Anne Slade Kirkman, being the issue and bodily heirs of the defendant, Jay U. Kirkman, share and share alike. The duration of the trust is fixed as being from the death of Anne Slade Kirkman to April 30, 1981, at which time the estate vests in the grandchildren thus identified. The will vests broad powers in the defendant, Jay

U. Kirkman, as Trustee, including the power to pay himself reasonable compensation and commission, and it directs that as Trustee he shall act without bond. The will also names the defendant, Jay U. Kirkman, as Executor, directs that in this capacity also he shall act without bond, and provides for an independent administration, that is to say, an administration free of control of the Probate Court.

6. The record identifies clearly the beneficiaries of the trust created by the will of Anne Slade Kirkman, deceased. They are the six children of the defendant, Jay U. Kirkman, the three younger children being by defendant's present marriage and the three older children being by his prior marriage.

7. At some time after the death of his mother in January of 1956, the defendant, Jay U. Kirkman, began the use of the Bonham Street property as his family's home, and it had constituted homestead for some years when plaintiff acquired its judgment against the individual defendant.

8. On December 31, 1965, the Estate of J. U. Kirkman, Deceased, was indebted to the Estate of Anne Slade Kirkman, Deceased. This indebtedness had its origin in the acquisition in August, 1949, of Lot Number One (1) in Block Number Fifty-Four (54), this being the Bonham Street property as originally acquired. Lot One was conveyed to J. U. Kirkman and wife, Anne S. Kirkman, by Dewey A. Hicks and wife by a deed dated August 8, 1949, at which time the Kirkmans conveyed to Mr. Hicks a property described in the evidence as the Taylor Street property, which was the separate property of Mrs. Kirkman, and borrowed $10,000.00 from Security Federal Savings and Loan Association. J. U. Kirkman and his wife, Anne Slade Kirkman, treated this transaction as vesting the ownership of the Bonham Street property in their community estate with an obligation on the part of J. U. Kirkman to repay Anne Slade Kirkman the one-half part of the value of the Taylor Street property. This indebtedness increased during the lifetimes of J. U. Kirkman and Anne Slade Kirkman by reason of the circumstance that payments on the Security Federal loan were made by Anne Slade Kirkman, with the result that, when the defendant, Jay U. Kirkman, qualified as Executor of both estates in early 1956, the indebtedness of J. U. Kirkman to Anne Slade Kirkman approximated $7,850.00, and thereafter the indebtedness of the Estate of J. U. Kirkman, Deceased, to the Estate of Anne Slade Kirkman, Deceased, continued to increase because payments on the Security Federal indebtedness continued to be made out of the Estate of Anne Slade Kirkman, Deceased. If on December 31, 1965, the value of a one-half interest in the 4th Street property actually exceeded the amount of the indebtedness due from the Estate of J. U. Kirkman, Deceased, to the Estate of Anne Slade Kirkman, Deceased, the excess was not great.

9. The deeds described in paragraphs 1 and 2 of these findings are, therefore, not without consideration as claimed by plaintiff but upon a completely adequate consideration, and no fact is revealed by the record which would give plaintiff any standing at all to challenge the act of the Executor of the J. U. Kirkman Estate in conveying property of that estate for the purpose of satisfying an indebtedness actually due by that estate.

## CONCLUSIONS OF LAW

1. The deeds in question are not subject to be set aside as fraudulent conveyances.

2. The deeds in question are not subject to be set aside on account of any claimed lack of authority of the Executor to act. Since the indebtedness of the Estate of J. U. Kirkman, Deceased, to the Estate of Anne Slade Kirkman, Deceased, still existed, the Executor of the J. U. Kirkman Estate still had authority to act, despite the lapse of time, and, if there be any question at all about his authority to act as Executor, the deed to the 4th Street property would

pass the inherited title of the defendant, Jay U. Kirkman, so that in any event the deed to the 4th Street property vests the title to that property in the grantee named in the deed.

3. The deeds in question are not subject to be set aside by reason of any claimed deficiency in the identification of grantees because the record plainly identifies the beneficiaries of both estates.

4. The homestead character of the Bonham Street property defeats plaintiff's claim of judgment lien against that property, and plaintiff's judgment lien does not attach to the 4th Street property.

5. Plaintiff is not entitled to any relief sought in its suit, and judgment should be for the defendants."

It is appellant's contention that the evidence conclusively shows that the deed executed by Jay Kirkman conveying the 4th Street property from the estate of his father to the estate of his mother was not executed and delivered as a bona fide act of administration of the estate of his father, but was instead a conveyance to delay, hinder and defraud the judgment creditors of Jay Kirkman personally. Appellant further contended that the court erred in holding that the administration still existed under the Estate of J. U. Kirkman and that Jay Kirkman had the authority to act so that the conveyance was a bona fide act of administration under such estate, and that the Estate of J. U. Kirkman was indebted to the Estate of Anne Slade Kirkman as to constitute a valid and sufficient consideration.

The case was tried before the trial court without a jury and such findings were found by the court. There is ample evidence in the record to support the controlling issues about which appellant complains and the findings of the trial court in such matters are, therefore, conclusive. Higginbotham Bros. and Co. v. Callaway, Tex.Civ.App., 170 S.W.2d 333; Holden v. Boynton, Tex.Civ.App., 170 S.W.2d 323;

Smith v. Prater, Tex.Civ.App., 161 S.W.2d 361; Burks v. Brinkley, Tex.Civ.App., 161 S.W.2d 316; O'Connor v. Ryan, Tex.Civ.App., 159 S.W.2d 531; Sansing v. Bricka, Tex.Civ.App., 159 S.W.2d 142; Hood v. First National Bank of Panhandle, Tex.Civ.App., 410 S.W.2d 449 (n. r. e.); Klein v. Palmer, Tex.Civ.App., 151 S.W.2d 652; Temple Trust Co. et al. v. Haney, 133 Tex. 414, 126 S.W.2d 950; Postal Mutual Indemnity Co. v. Greene et al., Tex.Civ.App., 180 S.W.2d 220 (writ refused); and numerous other authorities.

The appellant herein never at any time had any claim against J. U. Kirkman Estate. Neither is there any proof of any other indebtedness due anyone other than the Estate of Anne Slade Kirkman. We think the record is clear as found by the trial court that the Estate of J. U. Kirkman was indebted to the Estate of Anne Slade Kirkman and that Jay Kirkman, as Independent Executor of the Estate of J. U. Kirkman, had the right to proceed as he did in paying the indebtedness owed to the Estate of Anne Slade Kirkman.

It is stated in Schmidt v. Greenwade et al., Tex.Civ.App., 129 S.W.2d 324 as follows:

"It is settled law in this state that a creditor may receive payment of an honest debt in property of his debtor, though he may know at the time that the debtor's intent in making payment is to prefer him and to place the property beyond the reach of other creditors, provided that no more property is taken than is reasonably necessary to pay his debt. Every payment of a debt by an insolvent, whether the payment be made in money or property, tends, in a popular sense, to hinder, delay or defraud other creditors in the collection of their respective debts. The intent to hinder, delay or defraud creditors in the sense inhibited by the provision of our statutes avoiding fraudulent conveyances (Vernon's Ann.Civ.St. arts 3996, 3997) can not exist when the purpose and effect of the transfer of the

property is to apply it at its fair valuation to the satisfaction of a just debt and it is so received by the creditor. Adams v. Williams, 112 Tex. 469, 248 S.W. 673, 676, par. 3, and authorities there cited. The rule so announced applies as well to preference of a creditor wife or child as to other classes of creditors. 20 Tex.Jur. p. 377, sec. 14; Id., p. 443, sec. 80; Karr v. Cockerham, Tex.Civ.App., 107 S.W.2d 719, 723, par. 7, and authorities there cited; Lester v. Robinson, Tex.Civ.App., 101 S.W.2d 1038, par. 1; Brod v. First Nat. Bank of Cameron, Tex.Civ.App., 91 S.W.2d 772, part. 5."

See also Martin v. Cage et al., Tex.Civ. App., 135 S.W.2d 151 and Chauncey v. Gambill et al., Tex.Civ.App., 126 S.W.2d 775 (judgment correct). Judgment of the trial court is affirmed.