**Bill M. BRYAN, Appellant,**

v.

**RESOLUTION TRUST CORPORATION as Receiver of Texasbanc Savings Association, Texasbanc Savings FSB, Statewide Pawn, Inc., and John A. Clark, Appellees.**

**No. 01–91–00037–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 30, 1992.

James S. Bruckner, Houston, for appellant.

David Lee Crawford, John A. Clark, Houston, for appellees.

Before HUGHES, SAM BASS and DUNN, JJ.

**OPINION**

HUGHES, Justice.

This appeal is taken from the trial court's modification of a final judgment that expressly ordered that Bill M. Bryan (appellant) take nothing on his counterclaims against Resolution Trust Corporation, as receiver of Texasbanc Savings Association, Texasbanc Savings FSB, Statewide Pawn, Inc., and John A. Clark (appellees). We affirm.

On March 17, 1991, Bryan purchased from Statewide Pawn, Inc. real property, located at 1716 N. Gordon, Alvin, Texas. Texasbanc Savings Association provided $425,000 to finance the sale. In exchange, it received a deed of trust and a promissory note from Bryan. On that same date, Bryan entered into a separate agreement to purchase Statewide Pawn, Inc.'s inventory and accounts receivable. Texasbanc Savings Association provided $10,000 for financing that purchase also. In exchange, it received a security interest in both the inventory and accounts receivable, as well as a promissory note.

On September 7, 1990, Resolution Trust Corporation (RTC), as successor in interest to TexasBanc Savings Association, filed suit on the real estate note. It was assigned cause number 90M2046. In addition to monetary recovery, RTC sought and received injunctive relief, which prevented Bryan from removing inventory, fixtures, or accounts from the pawn shop. On September 12, 1990, under the same cause number, Bryan filed a counterclaims against appellees alleging fraud in the inducement, failure of consideration and breach of contract. Appellees received service of citation and notice of the counterclaims as follows: RTC on October 24, 1991; TexasBanc Savings FSB on November 1, 1990; John A. Clark on November 5, 1991; and Statewide Pawn Inc., on November 8, 1990.

A settlement hearing on cause 90M2046, was conducted on September 19, 1990. Clark, who represented both RTC and Texasbanc at the hearing, stated that a settlement had been reached, and that the temporary injunction was no longer needed. Appellant's counsel then read the terms of the agreement into the record. On October 19, 1990, the trial court's final judgment was signed, reflecting the terms of the settlement. Thereafter, service was obtained on appellees, and appellant continued to prosecute his counterclaims against them. In response, on November 16, 1990, appellees filed a motion to "modify, correct or reform judgment or in the alternative, motion for new trial."

On December 10, 1990, the trial court entered a modified final judgment into the records. This judgment expressly reflected that appellant was to take nothing on his counterclaims.

■ In his first point of error, appellant asserts that the trial court erred, and abused its discretion, in modifying the final judgment because: (1) the agreed judgment entered on October 19, 1990, was not intended to dispose of or bar appellant's counterclaims; (2) res judicata did not bar appellant's counterclaims; and (3) the counterclaims were not a compulsory counterclaims. In his second point of error, appellant asserts that the trial court erred in entering the modified final judgment containing an order that appellant take nothing on his counterclaim.

■ Typically, a trial court has authority to correct "judicial errors" before the expiration of its plenary power. *West Texas State Bank v. General Resources Management Corp.*, 723 S.W.2d 304, 306 (Tex.App.—Austin 1987, writ ref'd n.r.e.); TEX.R.CIV.P. 329b(d). After the expiration of its plenary power, a trial court still maintains inherent authority to correct clerical errors. *See Seago v. Bell*, 764 S.W.2d 362, 363 (Tex.App.—Beaumont 1989, no writ). A trial court does not abuse its discretion in modifying a judgment so long as it does not review or change the fact finding made at the time of its first judgment. *First Nat'l Bank in Dallas v. Walker*, 544 S.W.2d 778, 782 (Tex.Civ.App.—Dallas 1976, no writ).

In this case, the trial court's modification of its final judgment occurred before the expiration of its plenary power. The original final judgment reflects that "On this the 19th day of September, 1990, the above styled and numbered cause of action was called for hearing before the Court ... both parties announce ready and that a *final agreement of all matters* had been reached" (Emphasis added.) We note, both the trial court's docket sheets and appellant's pleading reflect, that the counterclaim [1] on cause number 90M2046 was filed on September 12, 1990, prior to the original

---

1. In his brief, appellant asserts that he mistakenly filed his pleadings as a counterclaim instead of as a petition. He has not demonstrated, nor does our review of the record reflect, that he apprised the trial court of this "mistake." Consequently, any error arising from this "mistake" is waived. TEX.R.APP.P. 50(d). Moreover, we find appellant's true motivation suspect. He filed the instrument as a counterclaim, under cause number 90M2046, and referred to the parties as "counter-plaintiff" and "counter-defendant." Then, in direct violation of both the letter and spirit of TEX.R.CIV.P. 21 he did not serve appellees with notice of the counterclaim until more than a month after he had filed the counterclaim with the court and well after the date of the settlement hearing.

judgment. Consequently we conclude that the trial court's modification of its original final judgment, is at most, a mere clarification. And, the original judgment implicitly denied appellant relief on his counterclaim.

We hold that the trial court did not abuse its discretion in modifying the final judgment in this case. Appellant's points of error one and two are overruled. The judgment of the trial court is affirmed.

DUNN, J., dissents.

DUNN, Justice, dissenting.

I respectfully dissent.

In his first point of error, appellant contends that the trial court abused its discretion in modifying the agreed judgment because: 1) the agreed judgment did not dispose of appellant's counterclaims; 2) res judicata did not bar appellant's counterclaims; and 3) the counterclaims were not compulsory counterclaims. In his second point of error, appellant contends that the trial court erred in entering a modified final judgment which contained an order that appellant take nothing on his counterclaims.

The parties entered into a final settlement agreement which was incorporated into the trial court's agreed judgment on October 10, 1990. Neither the settlement agreement nor the agreed judgment contained any language concerning appellant's counterclaims. The agreed judgment simply set out the agreement that the parties dictated into the record during the September 19, 1990, settlement hearing. The settlement agreement dictated into the record did not mention appellant's causes of action under his counterclaims.

The October 10, 1990, agreed judgment reflects:

On this the 19th day of September, 1990, the above styled and numbered cause of action was called for hearing before the Court ... and both parties announced ready and that a final agreement for settlement of all matters had been reached, and said Agreement for Settlement having been read into the record before the Court, and agreed to in Open Court by the Plaintiff ... and by the Defendant ... the Court, having considered same, was of the opinion that said Agreement for Settlement should be approved, and that *orders as set out below, be entered embodying said agreement.* (emphasis added).

(Emphasis added.) On December 10, 1990, the trial court modified the agreed judgment and the parties' settlement agreement to include the denial of appellant's counterclaims. The trial court, in the modified judgment, found that neither the trial court nor appellees knew appellant had filed counterclaims at the time the agreed judgment was entered.

I agree with the majority that the trial court modified the agreed judgment before the expiration of its plenary power. However, the trial court abused its discretion in modifying the agreed judgment.

The majority relies on *First National Bank in Dallas v. Walker,* 544 S.W.2d 778, 782 (Tex.App.—Dallas 1976, no writ), for finding that the trial court did not abuse its discretion in modifying the agreed judgment. The court held that it was not an abuse of discretion for a trial court to modify a judgment if the trial court does not review or change the fact finding made at the time of the first judgment. *Id.* The *Walker* holding is not applicable in this case. In *Walker,* a trial on the merits was held and the jury made fact findings. *Id.* Because this was an agreed judgment, the trial court did not make any fact findings. There was not a trial on the merits; and therefore, no facts to find.

As shown in the agreed judgment and the record, the parties intended that the settlement agreement dictated into the record on September 19, 1990, would be the only matters that were finally agreed to and incorporated into the agreed judgment. The record indicates that the parties intended that the agreed judgment settle all matters pertaining to the injunction filed by appellees. At the September 19, 1990, settlement hearing, appellees' counsel stated that:

[w]e filed an Application For Temporary Injunction and Permanent Injunction and

we are requesting—we have agreed into a settlement and we no longer need that temporary injunction.

Following this statement, appellant's counsel dictated this agreement into the record, and this agreement was later specifically incorporated into the agreed judgment. No reference was made to appellant's counterclaims. Further, the trial court found, in its modified judgment, that appellant's counterclaims were not before the trial court when the parties entered into the agreed judgment. Appellees admitted in their Motion To Modify, Correct Or Reform Judgment Or In The Alternative, Motion For New Trial, that they would not have entered into a settlement agreement had they known that counterclaims were pending. However, the trial court, without benefit of a trial or an agreement between the parties, denied appellant's causes of action which were set out in his counterclaims and reformed the "agreed judgment" to so indicate.

Under TEX.R.CIV.P. 11, an agreement between parties or attorneys will not be enforced unless it is in writing or is made in open court and entered of record. For a consent judgment to be valid, the parties must agree to all the terms of the agreement, so that nothing is left for the court to provide. *Vineyard v. Wilson*, 597 S.W.2d 21, 23 (Tex.Civ.App.—Dallas 1980, no writ). An agreed judgment embodies only that to which the parties have agreed; the trial court may not add to the judgment. *Id.*

The parties did not agree in writing or in open court that appellant's counterclaims would be denied. The trial court improperly added to the agreed judgment. The trial court found, in the modified judgment, that appellant did not disclose to the trial court or to appellees that he had filed counterclaims at the time the settlement hearing was held. Therefore, the proper course for the trial court to follow would have been to void the agreed judgment and grant appellees' motion for new trial.

I would sustain appellant's points of error.

I would reverse the judgment and remand the cause of action to the trial court.